OPINION
PER CURIAM.
Derrick Rankine, proceeding pro se, petitions for review of an order of the Board of Immigration Appeals (“BIA”) dismissing his appeal of an Immigration Judge’s (“IJ”) order of removal. We will summarily deny the petition for review because it does not raise a substantial question.
Derrick Rankine is a native and citizen of Jamaica. He was admitted to the United States as a lawful permanent resident in 1993. A notice to appear was issued in 2008 charging that Rankine was subject to removal for having committed the aggravated felonies of rape and a crime of violence for which the term of imprisonment is at least one year.
Rankine proceeded pro se at his immigration hearing. The Government submitted evidence showing that Rankine was convicted of rape and related offenses in 2001 in Pennsylvania state court. He received consecutive sentences of ten to twenty years in prison for rape and five to ten years in prison for aggravated indecent assault. The IJ found Rankine removable as charged. The IJ rejected Rankine’s argument that he had become a United States national based on his military service here. Noting that it did not appear that Rankine was eligible for any form of relief from removal, the IJ ordered his removal to Israel or Jamaica, the coun *603 tries Rankine had designated should he be removed.
The BIA dismissed Rankine’s appeal, stating that it agreed with the IJ that Rankine’s conviction involved the aggravated felonies of rape and a crime of violence having a prison term of at least one year. The BIA also rejected Rankine’s argument that he was not removable because he is a United States national. Finally, the BIA denied a motion to reopen filed by Rankine asserting that he had filed another petition for post-conviction relief in Pennsylvania state court. The BIA explained that Rankine’s conviction was affirmed on direct appeal and that the pursuit of post-conviction remedies did not alter the finality of Rankine’s conviction for immigration law purposes.
Rankine filed a pro se petition for review, a motion for a stay of removal, and a motion for appointment of counsel. The Government moves to dismiss the petition for review or, in the alternative, requests that we summarily deny the petition for review.
The Government argues that the Court should dismiss the petition for review for lack of jurisdiction because Rankine, an aggravated felon, raises no constitutional claims or questions of law for our review. See 8 U.S.C. §§ 1252(a)(2)(C),(D). We disagree. Rankine’s argument that he is innocent of the crime underlying the removal charges and is seeking post-conviction relief presents a legal question as to whether the pendency of his post-conviction motions negates the finality of his conviction for immigration removal purposes. Rankine also asserts that the IJ denied him due process at his hearing. We thus deny the Government’s motion to dismiss.
Although we conclude that we have jurisdiction over the petition for review, we agree with the Government that the petition for review does not present a substantial question. As noted by the BIA, the pursuit of post-conviction remedies does not alter the finality of Rankine’s conviction for immigration law purposes. Pa-redes v. U.S. Attorney General, 528 F.3d 196, 198-99 (3d Cir.2008). Thus, unless and until Rankine’s rape conviction is overturned as a result of his collateral motions, that conviction properly served as the basis for the charges of removability. Id.
In addition to asserting that he was wrongly convicted, Rankine argued in his brief to the BIA that the IJ violated his due process rights by not allowing him to testify about his claim of innocence, by not holding a hearing on his motion to compel discovery of documents related to his state court criminal proceedings, and by forcing him to proceed without counsel. These claims lack merit. Rankine may not collaterally challenge his state court conviction in his immigration proceedings. Drakes v. I.N.S., 330 F.3d 600, 601 (3d Cir.2003). Thus, any testimony to that effect would have been irrelevant. In addition, the record reflects that Rankine received copies of the conviction documents submitted by the Government to support the charges of removability. He was not entitled to other documents related to his criminal proceedings.
The record also reflects that on September 24, 2008, at his initial hearing before Immigration Judge Jeffrey Romig, Rankine stated that he wished to represent himself. Shortly thereafter, Rankine filed a motion for appointed counsel. On October 16, 2008, Immigration Judge Romig denied the motion, explaining that there is no right to appointed counsel in immigration proceedings and advising Rankine that, if he did not obtain counsel by the time of his next hearing, he should be prepared to represent himself. At his *604 next hearing, which was held on March 4, 2009, before IJ Andrew Arthur, Rankine stated that he had asked for a lawyer, but he was not provided counsel. The IJ told Rankine he did not have a right to appointed counsel and provided a list of lawyers who Rankine might contact for representation. Rankine’s next hearing was held on May 6, 2009. Rankine told the IJ that he had not found a lawyer. The IJ asked Rankine how he wished to proceed, and Rankine replied that he would represent himself because he did not know if he could find a lawyer. The IJ then told Rankine his rights and proceeded with his hearing. Rankine did not request more time to find counsel. Based on these facts, Rankine was not denied his right to due process.
To the extent Rankine maintains that he is a national of the United States, there is no legal support for Rankine’s contention that he became a United States national based on his performance of military service. As recognized by the BIA and IJ, we have held that one must complete the process of becoming a naturalized citizen to be deemed a United States national. Salim v. Ashcroft, 350 F.3d 307, 309-10 (3d Cir.2003). Rankine stated at his hearing that he had not been naturalized or taken the oath of allegiance following an application for naturalization. Finally, to the extent Rankine challenges his removability as an aggravated felon, there is no question that his rape conviction constitutes the aggravated felony of rape under 8 U.S.C. § U01(a)(43)(A).[1]
Accordingly, we will deny the petition for review.[2]

. Because Rankine is removable on this basis, it is unnecessary to address the additional charge of removability under § 1101(a)(43)(F). To the extent Rankine asserted in the administrative proceedings that he is eligible for cancellation of removal, he is not eligible for this form of relief because he is an aggravated felon. Garcia v. Attorney General, 462 F.3d 287, 291 (3d Cir.2006).

. Rankine's motion for a stay of removal and motion for appointment of counsel are denied.