**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4024
_____

JACEK BETKOWSKI,
                        Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(A094-243-372)
Immigration Judge:  Honorable Margaret R. Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 11, 2011
Before:  SLOVITER, FISHER AND WEIS, Circuit Judges

(filed : March 15, 2011)
_____

OPINION
_____

PER CURIAM.

        Jacek Betkowski petitions for review of a final order of removal entered by

the Board of Immigration Appeals ("BIA").  We will deny the petition.

I.

        Betkowski, presently age forty, is a native and citizen of Poland.  He

entered the United States in 1996 on a six-month tourist visa and overstayed. In 1999, he pled guilty in a New Jersey state court to charges of aggravated assault and unlawful possession of a weapon. In 2009, the Department of Homeland Security served a Notice to Appear, which it later amended. Betkowski conceded removability both for overstaying his visa, 8 U.S.C. § 1227(a)(1)(B), and as an alien convicted of a crime involving moral turpitude, id. § 1227(a)(2)(A)(i). He applied for asylum, withholding of removal, Convention Against Torture ("CAT") relief, and, alternatively, voluntary departure.

Prior to a scheduled merits hearing, Betkowski moved for a continuance while he pursued a post-conviction review ("PCR") petition attacking the 1999 conviction, and while he waited for unspecified documents to arrive from Poland. The Immigration Judge ("IJ") denied a continuance for lack of good cause, noting, inter alia, the absence of any reason to await the outcome of the PCR proceeding, and that Betkowski had been afforded ample time to obtain and submit relevant documents.

In his testimony before the IJ, Betkowski stated that as a student in Poland he was a leader in the Solidarity movement against the communist regime. In 1988, he participated in a rally or strike against the government. He was arrested and detained for three to four months. Betkowski stated that he was beaten and raped in detention on numerous occasions by four prison guards. After his release, Betkowski finished school and remained in Poland for eight years without incident. He claimed that he left Poland in 1996 to escape retribution from the guards who had assaulted him. He stated that

2

those guards now have important government jobs (e.g., policeman) and might lose those jobs if he were to complain about their past activities.

The IJ denied the asylum application as untimely filed because Betkowski entered this country in 1996 but did not seek asylum until 2010. With regard to withholding of removal, the IJ rejected Betkowski's credibility, finding that his testimony differed materially from his written application, and that his primary corroborating document (a letter from his mother) made no mention of detention, beatings, or rape. Assuming Betkowski's credibility, the IJ found that his mistreatment was not on account of a statutorily protected ground, and even if he suffered cognizable persecution in 1988, the IJ observed that country conditions in Poland have changed. The IJ also denied CAT relief, finding no showing that Betkowski more likely than not would be tortured in Poland, and denied voluntary departure because Betkowski did not have a valid passport.

Betkowski appealed, arguing that the IJ erred in failing to grant a continuance so that he could pursue his PCR petition on the ground that the 1999 guilty plea violates Padilla v. Kentucky, 130 S. Ct. 1473 (2010), because counsel allegedly did not advise him of the immigration consequences of the plea. The BIA dismissed the appeal. It affirmed the finding that the asylum application is time-barred, and, as to withholding of removal, it found no error in the adverse credibility determination, observing that the IJ reasonably doubted Betkowski's veracity. The BIA noted that Betkowski did not challenge the credibility finding on appeal, and it affirmed on the basis of that finding alone. The BIA also affirmed the denial of CAT relief, and it observed

3

that Betkowski "has failed to meaningfully contest the dispositive determinations made in his case and he has failed to raise any arguments warranting disturbing the [IJ]'s decision." Finally, the BIA affirmed the denial of a continuance, explaining that Betkowski's 1999 conviction remains final, and that he presented no evidence that the conviction has been called into question so as to warrant a continuance. Betkowski timely filed a petition for review.

## II.

This Court's jurisdiction is founded upon 8 U.S.C. § 1252(a)(1), although we are without jurisdiction to review the determination that the asylum application was untimely filed. See Sukwanputra v. Gonzales, 434 F.3d 627, 633 (3d Cir. 2006); Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003).

On the merits, we agree with the Attorney General that Betkowski has largely waived review in this Court. Betkowski's brief on appeal, which totals two pages, is devoted almost entirely to recounting the procedural history of the case, and concludes with a cursory request that this Court "review the order of removal and grant a stay of removal pending the outcome of the … ongoing [PCR] hearing."[1] Brief at 2. "An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue … will not suffice to bring that issue before this court."

_____

[1] A motions panel of this Court has already denied Betkowski's motion for a stay of removal. Insofar as Betkowski seeks to renew his stay request, or seeks reconsideration, that request is denied in light of our decision to deny the petition for review.

Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) (quotation marks omitted); see also Hoxha v. Holder, 559 F.3d 157, 162 (3d Cir. 2009) (explaining that "our appellate procedure mandates that the appellant must provide in a single document -- the appellate brief -- both the issues for review and the supporting argument. Failure to follow this procedure is fatal to appellant's cause."). Because Betkowski has failed to address his claims for withholding of removal and CAT relief, we deem those issues waived and do not address them.[2]

However, mindful that Betkowski is a pro se litigant, it is at least arguable, as the Attorney General seems to acknowledge, that Betkowski has preserved a challenge to the denial of his motion for a continuance pending the outcome of the PCR proceeding. Betkowski raised that issue before the BIA, and the issue is presented in his opening brief in support of a renewed request for a stay of removal. Accordingly, and giving Betkowski the benefit of the doubt, we will review the continuance issue on the merits.

Our review is for abuse of discretion. Ponce-Leiva v. Ashcroft, 331 F.3d 369, 377 (3d Cir. 2003). "'The question whether denial of a continuance in an immigration proceeding constitutes an abuse of discretion cannot be decided through the application of bright-line rules; it must be resolved on a case by case basis according to

---

[2] In any event, we fully agree with the Attorney General that, even if we were to reach the merits, substantial evidence in the record supports the BIA's denial of relief. See Respondent's Br. at 25-32. The adverse credibility determination was based on material inconsistencies between Betkowski's testimony and the other evidence of record, and, for purposes of CAT protection, Betkowski failed to establish that it is more likely than not that he would be tortured if returned to Poland.

the facts and circumstances of each case.'" Id. (quoting Baires v. INS, 856 F.2d 89, 91 (9th Cir. 1988)). An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29.

Betkowski moved for a continuance prior to his merits hearing based on the fact that a state trial court had scheduled a preliminary conference on his PCR petition. The IJ determined that this was insufficient to show good cause. The BIA affirmed that determination, explaining that Betkowski failed to show that the 1999 conviction was no longer final or had been rendered invalid in any respect.

This Court has held that the pendency of post-conviction motions or other forms of collateral attack "does not vitiate finality [for immigration purposes], unless and until the convictions are overturned as a result of the collateral motions." Paredes v. Att'y Gen., 528 F.3d 196, 198-199 (3d Cir. 2008). Betkowski has not shown that his conviction has been called into question or overturned by any court; he merely suggests that the 1999 conviction is vulnerable to attack in light of Padilla. We conclude on this record that the refusal to continue proceedings was not an abuse of the IJ's discretion.

III.

For the foregoing reasons, we will deny the petition for review.