**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 11-3765 & 11-4560
_____

HERBERT SAINT AUBYN POWELL,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petitions for Review of Orders of the
Board of Immigration Appeals
(Agency No. A014 883 407)
Immigration Judge:  Honorable Margaret R. Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 13, 2012

Before:  SLOVITER, SMITH and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 13, 2012)
_____

OPINION
_____

PER CURIAM

Herbert Saint Aubyn Powell, a citizen of Jamaica, was admitted to the United

States in 1967 as a lawful permanent resident, at age 6.  As an adult, Powell was

convicted of several criminal offenses.  The Government charged him with removability

for having been convicted of aggravated felonies, Immigration and Nationality Act

1

("INA") § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii)], and crimes involving moral turpitude, INA § 237(a)(2)(A)(ii) [8 U.S.C. § 1227(a)(2)(A)(ii)]. Powell appeared before an Immigration Judge ("IJ"), denied removability, and applied for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT").

The IJ concluded that Powell was removable as charged,[1] held that his aggravated felony convictions rendered him ineligible for asylum,[2] and rejected Powell's assertion that he acquired citizenship either through his military service or derivatively through his mother. Furthermore, the IJ declined to stay the proceedings to allow Powell to pursue post-conviction relief from his convictions. With respect to Powell's application for withholding of removal under INA § 241(b)(3) [8 U.S.C. § 1231(b)(3)] and relief under the CAT, which was based on his deceased father's political activities in Jamaica, the IJ held that Powell had not met his burden of proof.

---

[1] In particular, the IJ held that Powell's January 31, 2005 conviction for conspiracy to commit bank fraud and bank fraud, 18 U.S.C. §§ 371 & 1344, was an aggravated felony. See INA §§ 101(a)(43)(M) and (U) [8 U.S.C. §§ 1101(a)(43)(M) and (U)]. In addition, the IJ concluded that Powell had committed an aggravated felony based on a New York conviction for second degree robbery, N.Y. Penal Law § 160.10, for which he was sentenced to a term of imprisonment of 18 to 54 months. See INA § 101(a)(43)(G) [8 U.S.C. § 1101(a)(43)(G)]. Finally, the IJ found that Powell had been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. INA § 237(a)(2)(A)(ii). In support of this conclusion, the IJ cited Powell's bank fraud conviction, the New York conviction for second degree robbery, and a New Jersey conviction for theft by deception, N.J. Stat. Ann. 2C:20-4.

[2] The IJ also found that Powell's aggravated felony convictions barred him from cancellation of removal, a waiver of inadmissibility under INA § 212(h) [8 U.S.C. § 1182(h)], and voluntary departure.

2

The Board of Immigration Appeals ("BIA") dismissed Powell's appeal on September 30, 2011. The Board held that the IJ correctly denied withholding of removal and CAT relief.[3] In particular, the BIA noted that Powell did not challenge the IJ's conclusion that he did not establish a nexus between his fear of persecution and a statutorily protected ground, as required for withholding of removal. With respect to the CAT claim, the Board agreed that Powell failed to demonstrate that a public official would likely acquiesce in or exhibit willful blindness toward torture. Powell attempted to present additional documentation in support of his claims, including a letter from his sister, but the BIA refused to consider it and determined that the new evidence would not support a motion to remand. Furthermore, the Board also noted that any pending collateral attacks on Powell's convictions did not affect their finality for immigration purposes. The BIA also stated that it lacked jurisdiction to consider Powell's equal protection challenge to statutory naturalization requirements, held that Powell failed to identify any error in the IJ's conclusion that he was not a national of the United States, and refused to consider for the first time on appeal a claim that the United States violated the Vienna Convention. Powell filed a petition for review, which was docketed at C.A. No. 11-3765.

Meanwhile, shortly after he filed the petition for review in C.A. No. 11-3765,

---

[3] The BIA also noted that Powell did not contest the IJ's determination that his aggravated felony convictions rendered him ineligible for asylum, cancellation of removal, a waiver of inadmissibility, and voluntary departure. Powell did, however, "claim[] a due process violation because his criminal convictions served as a basis to remove him," but the Board noted that he had not challenged the IJ's factual findings or legal conclusions concerning those convictions.

3

Powell filed with the BIA a motion for reconsideration of its order of September 30, 2011. In the motion for reconsideration, Powell primarily claimed that the IJ and the BIA had erred by failing to notify him that he could apply for a "U visa." Powell noted that while his case was pending before the Immigration Court, he had informed the IJ that he had been the victim of various crimes and had assisted law enforcement authorities in the apprehension of the perpetrators.[4]

The BIA denied the motion for reconsideration, noting that the United States Citizenship and Immigration Service ("USCIS") has sole jurisdiction over U visa applications and that the filing of such an application has no effect on the Department of Homeland Security's ("DHS") authority to execute a final removal order. In addition, the Board informed Powell that individuals, like himself, who are subject to a final order of removal are not precluded from seeking a U visa, that he could request a stay of removal from the USCIS, 8 C.F.R. §§ 214.14(c)(1)(ii) & 1241.6(a), and that he could move to reopen and terminate the removal proceedings if the U visa application was granted, 8 C.F.R. § 214.14(c)(5)(i). The Board also reaffirmed that Powell's military service and oath of allegiance did not render him a "national" of the United States, and again rejected Powell's attempt to rely on new evidence. Powell filed a timely petition for review of the

---

[4] For instance, Powell claimed that in 1985, he "was assailed by an American citizen who advertently threw a concoction of thermal liquid acid on my countenance and on my body." Powell also asserted that in 1990 he "was shot . . . with a gun by an American citizen." Powell stated that he "assisted law enforcement in the apprehension" of the perpetrators in both instances. U visas "grant temporary lawful resident status to alien victims of crime who assist in an investigation or prosecution." Torres-Tristan v. Holder, 656 F.3d 653, 655 (7th Cir. 2011) (citing INA § 101(a)(15)(U) [8 U.S.C. § 1101(a)(15)(U)]).

4

BIA's denial of his motion for reconsideration. That petition was docketed at C.A. No. 11-4560, and consolidated for all purposes with C.A. No. 11-3765.

We generally lack jurisdiction to review a final order of removal against an alien, like Powell, who is removable for having committed a criminal offense covered in INA § 237(a)(2). INA § 242(a)(2)(C) [8 U.S.C. § 1252(a)(2)(C)]. We retain jurisdiction, however, to review constitutional claims, "pure questions of law," and "issues of application of law to fact, where the facts are undisputed and not the subject of challenge." Kamara v. Att'y Gen., 420 F.3d 202, 211 (3d Cir. 2005). However, "[o]ur jurisdiction in that respect is 'narrowly circumscribed' in that it is limited to 'colorable claims or questions of law.'" Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010) (quoting Cospito v. Att'y Gen., 539 F.3d 166, 170 (3d Cir. 2008) (per curiam)) (quotation marks and citation omitted in original). A claim is not colorable if "it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." Id. (internal quotation marks and citation omitted). We must therefore determine whether Powell's petitions raise a colorable legal or constitutional question, as distinguished from factual questions over which we lack jurisdiction. See Alaka v. Att'y Gen., 456 F.3d 88, 102 (3d Cir. 2006).

In the first petition for review, Powell challenges the BIA's denial of his application for protection under the CAT.[5] The question of the likelihood of torture is a

---

[5] In his appeal to the BIA, Powell did not challenge the IJ's denial of withholding of removal. Therefore, he failed to exhaust his administrative remedies as to that claim. Hoxha v. Holder, 559 F.3d 157, 159 (3d Cir. 2009) (holding that an alien must "raise or exhaust his or her remedies as to each claim or ground for relief [before the BIA] if he or

mixed one, comprised of a factual component ("what is likely to happen to the petitioner if removed") and a legal one ("does what is likely to happen amount to the legal definition of torture"). Kaplun v. Att'y Gen., 602 F.3d 260, 271 (3d Cir. 2010). We have jurisdiction, therefore, to the extent that Powell's pro se brief challenges the BIA's conclusion that the evidence of possible torture was insufficient to establish eligibility for CAT relief. Toussaint v. Att'y Gen., 455 F.3d 409, 412 n.3 (3d Cir. 2006). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining . . . information or a confession, punishing . . . for an act, . . . intimidating or coercing, . . . or for any reason based on discrimination of any kind." 8 C.F.R. § 1208.18(a)(1). The torture must be "inflicted by or at the instigation of or with the consent or acquiescence of" an official person. Id. Powell alleged that his father, who is now deceased, wanted to form a new political party because he believed that the two existing parties did not meet the needs of the Jamaican people. Powell's father immigrated to the United States before Powell, and continued his political activities in this country. As a result of those activities, Powell's father made political enemies. Nevertheless, there was no evidence suggesting that Powell is likely to be tortured as a result of his father's past political activities. Notably, Powell's father was never threatened or assaulted. Moreover, Powell conceded that he

---

she is to preserve the right of judicial review of that claim.") (citation omitted). Failure to exhaust also prevents us from considering Powell's claim that he is entitled to relief under former INA § 212(c) [8 U.S.C. § 1182(c)], which he raised for the first time in his brief to this Court. Castro v. Att'y Gen., 671 F.3d 356, 365 (3d Cir. 2012).

did not know whether his father's political enemies were still in positions of power and, if so, whether they would impute his father's political opinion to him. Under these circumstances, we conclude that the BIA properly determined that the evidence Powell presented about what is likely to happen did not meet the legal definition of torture.

Powell also appears to raise a legal challenge to the BIA's conclusion that his ongoing pursuit of post-conviction relief from the convictions which formed the basis for removability did not negate the finality of those convictions for immigration purposes. In his brief, Powell notes that he is currently challenging his convictions in this Court and in the appellate courts of New York and New Jersey. Those challenges, however, have no bearing on the conclusion that Powell is removable for having committed aggravated felonies and crimes involving moral turpitude. Indeed, pendency of post-conviction motions or other forms of collateral attack does not negate the finality of a conviction for immigration purposes. Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008).

In his second petition for review, Powell claims that the BIA should have granted his motion for reconsideration because he qualified for a U visa. We review the denial of the motion to reconsider for abuse of discretion. Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). Powell claims that he was denied due process because the IJ failed to advise him that he could apply for a U visa based on his status as a crime victim who assisted in the investigation of the perpetrators. IJs have a duty to inform aliens appearing before them of their potential eligibility for certain forms of relief. Bonhometre v. Gonzales, 414 F.3d

7

442, 448 (3d Cir. 2005) (noting BIA authority for the proposition that "[a]n IJ has a duty to inform aliens of potential forms of relief for which they are apparently eligible . . . ."). Here, Powell is complaining about the IJ's failure to advise him about eligibility for a U visa. Importantly, however, eligibility for a U visa falls outside the IJ's authority. Indeed, as the BIA noted, USCIS has sole jurisdiction over U visas. 8 C.F.R. § 214.14(c)(1). In addition, the filing of an application for a U visa has no effect on DHS's authority to execute a final removal order. § 214.14(c)(1)(ii). Furthermore, if a U visa application is approved, the alien can move to reopen and terminate the removal proceedings. § 214.14(c)(5)(i). Thus, the IJ's failure to inform Powell of his eligibility for a U visa did not affect his ability to seek or obtain such relief. Accordingly, we agree with the BIA that the IJ had no duty under the circumstances presented here to advise Powell of his potential eligibility for a U visa.

For the foregoing reason, we will deny the petition for review. Powell's repeated request for a stay of removal is denied.