**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4148
_____

GERMAN MARQUEZ,
                                        Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of Order of the
Board of Immigration Appeals
(Agency No. A094-415-645)
Immigration Judge:  Honorable Margaret R. Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2012

Before:  SCIRICA, GREENAWAY, JR. and VAN ANTWERPEN, Circuit Judges

(Opinion filed: August 2, 2012 )
_____

OPINION
_____

PER CURIAM

German Marquez petitions for review of the Board of Immigration Appeals'

("BIA") final order of removal.  We will deny the petition.

1

I.

Marquez is a citizen of El Salvador who entered the United States illegally in 2000 or 2001. In 2009, he pleaded guilty in New Jersey state court to distributing one-half ounce or more of cocaine in violation of N.J. Stat. Ann. §§ 2C:35-5(a)(1) and 2C:35-5(b)(2). The trial court sentenced him to seven years in prison. Marquez had been granted temporary protected status ("TPS") in 2001 following an earthquake in El Salvador, but his status expired in March 2009 and his New Jersey felony conviction prevented him from re-registering for that status. See 8 U.S.C. § 1254a(c)(2)(B).

The Government later charged Marquez as removable for being present without having been admitted or paroled. See 8 U.S.C. § 1182(a)(6)(A)(i). Marquez did not dispute the charge, but he applied for asylum, withholding of removal and relief under the Convention Against Torture ("CAT") on the ground that he fears violence at the hands of criminal gangs in El Salvador. Marquez has proceeded pro se at all relevant times. The Immigration Judge ("IJ") granted him four continuances to obtain counsel and supporting documents, then finally conducted his merits hearing on June 27, 2011. On that date, Marquez orally requested another continuance because he was pursuing post-conviction relief from his New Jersey conviction under Padilla v. Kentucky, 130 S. Ct. 1473 (2010). He also requested a continuance because he had applied for a "U visa."[1] The IJ denied a

_____

[1] A U visa confers nonimmigrant status under certain circumstances on aliens who have been the victim of criminal activity in the United States. See 8 U.S.C. § 1101(a)(15)(U). Marquez alleges that he was physically assaulted in 2007 and lost the use of his left eye. Marquez's application was denied on July 18, 2011, shortly after the IJ's ruling.

2

further continuance and then denied his claims. The IJ concluded that (1) his 2009 conviction renders him ineligible for asylum and withholding of removal, and (2) he was not entitled to deferral of removal under CAT because he had not shown it likely that he would be tortured by or with the acquiescence of the El Salvadoran government if returned. The BIA agreed and dismissed his appeal. Marquez petitions for review.[2]

II.

Marquez's petition lacks merit, but it raises four issues that require brief discussion. First, the IJ ordered Marquez's removal on the ground that he has not been admitted or paroled. Marquez did not challenge that ruling before the BIA and has not challenged it on review. In the background section of his brief, however, he concedes that he entered the United States illegally but states that "[t]hen in the year 2001 he was admitted to the United State[s]" when he obtained an Employment Authorization Card. (Petr.'s Br. at 1.) Other than that stray statement, Marquez does not claim to have been admitted or raise any argument in that regard. It appears that Marquez is referring to the employment authorization he was given after being granted TPS. See 8 U.S.C. § 1254a(a)(1)(B). Marquez has raised no issue regarding TPS eligibility at any stage of

---

[2] We have jurisdiction under 8 U.S.C. § 1252(a)(1). Our review is of the BIA's ruling, and we "look to the IJ's ruling only insofar as the BIA defers to it." Huang v. Att'y Gen., 620 F.3d 372, 379 (3d Cir. 2010). We review findings of fact for substantial evidence and may disturb them only if "'any reasonable adjudicator would be compelled to conclude to the contrary.'" Valdiviezo-Galdamez v. Att'y Gen., 663 F.3d 582, 590 (3d Cir. 2011) (quoting 8 U.S.C. § 1252(b)(4)(B)). We review questions of law de novo. See id. We review the denial of a continuance for abuse of discretion. See Khan v. Att'y Gen., 448 F.3d 226, 233 (3d Cir. 2006).

this proceeding, however, and TPS is not an "admission" in any event. See 8 U.S.C. § 1101(a)(13)(A); De Leon-Ochoa v. Att'y Gen., 622 F.3d 341, 353-54 (3d Cir. 2010).

Second, Marquez also has not challenged at any stage the IJ's ruling that his New Jersey conviction renders him ineligible for asylum and withholding of removal.[3] Instead, Marquez argues that the IJ erred in declining to grant him another continuance pending his collateral challenge to that conviction. The BIA wrote that Marquez had not raised that issue on appeal, but we deem it exhausted because he raised the general issue of his post-conviction petition and the BIA addressed it. See Lin v. Att'y Gen., 543 F.3d 114, 121 (3d Cir. 2008) (exhaustion is not applied in "draconian fashion"). The issue, however, lacks merit. Post-conviction proceedings do not vitiate the finality of a conviction for immigration purposes unless and until the conviction actually is overturned. See Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008). In this case, the IJ questioned Marquez about the status of his post-conviction proceeding and concluded that it did not warrant further delay because his conviction remained final and

---

[3] Even if his pro se filings could be read to have exhausted and presented such a challenge for review, we would reject it. The IJ and BIA concluded that the conviction was for the aggravated felony of illicit trafficking in a controlled substance. See 8 U.S.C. § 1101(a)(43)(B). Neither explained why, but it qualifies under the "illicit trafficking" route because it was for a felony under New Jersey law and involved a trafficking element—i.e., actual distribution of cocaine. See Thomas v. Att'y Gen., 625 F.3d 134, 142 (3d Cir. 2010). Because the conviction was for an aggravated felony, it automatically constitutes a "particularly serious crime" that renders Marquez ineligible for asylum. See 8 U.S.C. § 1158(b)(2)(A)(ii) & (b)(2)(B)(i). And because Marquez was sentenced to at least five years in prison, the conviction automatically constitutes a "particularly serious crime" that renders him ineligible for withholding as well. See 8 U.S.C. § 1231(b)(3)(B)(ii) & (b)(3)(B) (last paragraph).

the outcome of his proceeding remained uncertain, as they do today. In addition, the IJ already had granted Marquez several continuances. We cannot say that she abused her discretion in declining to grant another one.

Third, Marquez argues that the IJ and BIA erred in denying his claim under CAT. Both concluded that Marquez did not show a likelihood of torture by or with the acquiescence of the El Salvadoran government. See Valdiviezo-Galdamez, 663 F.3d at 591-92. Marquez argues that the evidence compels the contrary conclusion because "[t]he State Department Country Reports describe police and military involvement in criminal activity." (Petr.'s Br. at 3.) The 2009 and 2010 Reports do indeed describe instances of corruption, but, as the IJ reasoned, they also describe the government's efforts to arrest and prosecute gang members. (A.R. 163-218.) Neither those Reports nor anything else of record compels the conclusion that the El Salvadoran government likely will torture Marquez or acquiesce in his torture on return.

Finally, Marquez recounts the physical assault and injuries that appear to have formed the basis for his U visa application. Marquez raises no issue regarding the denial of that application on review, however, and his assertions state no basis for relief from his final order of removal.

For these reasons, we will deny Marquez's petition for review. The Government's motion to expand the record is denied as well.[4]

---

[4] The Government has submitted subsequent BIA decisions denying Marquez's motions for reconsideration and a bond determination, neither of which he has petitioned us to

review.  We appreciate the Government having brought these decisions to our attention, but they are not properly part of the record and are not relevant to any issue on review. See 8 U.S.C. § 1252(b)(4)(A).