

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-9-2008

# Rojas-Paredes v. Atty Gen USA

Precedential or Non-Precedential: Precedential

Docket No. 07-1402

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Rojas-Paredes v. Atty Gen USA" (2008). *2008 Decisions.* Paper 944.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/944

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1402
_____

RAMON ARMANDO ROJAS PAREDES,
                                             Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                             Respondent

_____

On Petition for Review of an Order of
the Board of Immigration Appeals
(No. A41-303-558)
Immigration Judge: Hon. Alberto J. Riefkohl

_____

Submitted Under Third Circuit LAR 34.1(a)
May 9, 2008

_____

Before: BARRY and STAPLETON, Circuit Judges, and
RESTANI[*], Judge

(Opinion filed: June 9, 2008)

_____

[*]  Honorable Jane A. Restani, Chief Judge of the United
States Court of International Trade, sitting by designation.

John J. Garzon, Esq.
Suite 204
46-12 Queens Boulevard
Sunnyside, NY 11104-0000

Counsel for Petitioner


Richard M. Evans, Esq.
Paul Fiorino, Esq.
Michelle G. Latour, Esq.
Michele Y.F. Sarko, Esq.
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044-0000

Counsel for Respondent


_____

OPINION OF THE COURT
_____

RESTANI, Judge.

Petitioner Ramon Armando Rojas Paredes, a native and citizen of the Dominican Republic, petitions for review of a final order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an Immigration Judge's ("IJ") removal order. The IJ concluded that two New Jersey state convictions against petitioner constituted offenses for which petitioner may be deported under § 237(a)(2) of the Immigration and Nationality Act ("INA").[1] 8 U.S.C. § 1227(a)(2)(A)(iii), (B)(i). Petitioner

_____

[1] The caption of the IJ's removal order erroneously indicates that the government charged petitioner with removability

did not appeal the state convictions but, rather, filed petitions for writs of error <u>coram nobis</u> to challenge them.[2] On appeal to the BIA, petitioner argued that the IJ's decision of removal was capricious and erroneous because his challenges to the state convictions were still pending. The BIA affirmed the IJ's decision, concluding that the state convictions were final for immigration removal purposes. Petitioner argues that the BIA erred and violated his due process rights by basing its order on the state convictions, because the convictions were being appealed and therefore were not yet final.

Although 8 U.S.C. § 1252(a)(2)(C) provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed [certain] criminal offense[s]," 8 U.S.C. § 1252(a)(2)(D) grants courts jurisdiction to review "constitutional claims or questions of law raised upon a petition for review" of final removal orders. <u>See also</u> <u>Papageorgiou v. Gonzales</u>, 413 F.3d 356, 357–58 (3d Cir. 2005). We review questions of law <u>de novo</u>. <u>Caroleo v. Gonzales</u>, 476 F.3d 158, 162 (3d Cir. 2007).

---

under INA § 237(a)(2)(A)(i). (<u>See</u> App. for Pet'r at 4a.)

[2] The record is unclear as to when, exactly, petitioner filed the petitions for post-conviction relief. The only evidence of petitioner's effort to obtain such relief is a letter from Criminal Legal Research Inc, dated August 27, 2006, stating that the organization "ha[d] been retained to file 2 motions for Coram Nobis" and that "both motions should [be] ready within 15 days." (App. for Pet'r at 164a.) The record also suggests that the IJ was not sure as to the status of the petitions at the time he rendered his decision on August 29, as he noted that the post-conviction relief "appears to be pending or appears to be a plan by . . . Criminal Legal Research, Inc." (<u>Id.</u> at 6a.) Nonetheless, in his Notice of Appeal to the BIA, dated August 31 and filed on September 1, petitioner claimed that he was "waiting for decision on [his] motion for coram nobis at the State Court of New Jersey." (<u>Id.</u> at 75a, 77a.)

"[A] conviction does not attain a sufficient degree of finality for immigration purposes until direct appellate review of the conviction has been exhausted or waived." Matter of Ozkok, 19 I. & N. Dec. 546, 552 n.7 (BIA 1988) (citing Marino v. INS, 537 F.2d 686 (2d Cir. 1976); Aguilera-Enriquez v. INS, 516 F.2d 565 (6th Cir. 1975); Will v. INS, 447 F.2d 529 (7th Cir. 1971)), superceded by statute on other grounds. Here, petitioner's time to directly appeal his convictions had expired, and a petition for a writ of error coram nobis is not a direct appeal of, but rather a collateral attack on, a conviction. See United States v. Gross, 614 F.2d 365, 368 (3d Cir. 1980).

We have not considered previously the issue of whether the pendency of post-conviction motions or other forms of collateral attack negates the finality of convictions for immigration removal purposes. Our sister circuits that have addressed the issue, however, have concluded that such pendency does not vitiate finality, unless and until the convictions are overturned as a result of the collateral motions. See United States v. Garcia-Echaverria, 374 F.3d 440, 445–46 (6th Cir. 2004) (citing Aguilera-Enriquez, 516 F.2d at 570–71); Grageda v. INS, 12 F.3d 919, 921 (9th Cir. 1993); Okabe v. INS, 671 F.2d 863, 865 (5th Cir. 1982); Will, 447 F.2d at 533. We find these decisions well-reasoned, see no reason to deviate from this view, and adopt it as the law in this Circuit.

As to petitioner's argument that, under Lopez v. Gonzales, 549 U.S. 47 (2006), "a state offense may not be held punishable as a felony under federal law," (Br. for Pet'r at 20), petitioner did not raise it before the BIA rendered its decision.[3] See 8 U.S.C. § 1252(d)(1) (exhaustion of administrative

---

[3] Petitioner filed a Motion to Reconsider and Reopen the BIA decision, arguing that Lopez nullified the basis for the removal order because he "was convicted of a state drug felony that would not be punishable as a felony under federal law." (App. for Pet'r at 45a.) Nonetheless, because petitioner was removed after filing the Motion, it was withdrawn pursuant to 8 C.F.R. §1003.2(d).

4

remedies mandatory and jurisdictional); see also Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005) ("To exhaust a claim before the agency, an applicant must first raise the issue before the BIA or IJ, so as to give it the opportunity to resolve a controversy or correct its own errors before judicial intervention." (internal quotations and citation omitted)). In any event, petitioner misapprehended the holding in Lopez. There, the Supreme Court reversed a decision of removal not because state offenses were not punishable under federal law, but because the state felony conviction there constituted only a misdemeanor under federal law. Lopez, 549 U.S. at 633.

For the foregoing reasons, the petition for review will be DENIED.