NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2453
_____

ELUI PEREIRA-POLANCO,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A44 921 747)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 16, 2010

Before:  FUENTES, GREENAWAY, Jr. and NYGAARD, Circuit Judges

(Opinion filed  December 17, 2010)
_____

OPINION
_____

PER CURIAM

        Elui Pereira-Polanco, a citizen of the Dominican Republic, has been a lawful

permanent resident of the United States since 1994.  In July 2001, he pleaded guilty in

New Jersey to the distribution of a controlled dangerous substance. See N.J. Stat. Ann. §§ 2C:35-5a(1) and 2C:35-5b(3). The Government charged Pereira-Polanco with removability under Immigration and Nationality Act ("INA") § 237(a)(2)(B)(i) [8 U.S.C. § 1227(a)(2)(B)(i)], as an alien who, after admission, was convicted of violating a law relating to a controlled substance. Pereira-Polanco appeared before an Immigration Judge ("IJ"), conceded that he was removable, and applied for relief under the United Nations Convention Against Torture ("CAT").[1] He alleged that he will be tortured by a gang, Chicho Buloba, which has threatened his family and murdered his cousin. Pereira-Polanco supported his account with a police report, death records, his brother's testimony, and affidavits from family members who apparently are in hiding. He also testified that three gang members were arrested in connection with the murder of his cousin, but that he was unaware whether they were prosecuted. A news article in the record stated that some police officers, who were members of the Chicho Buloba gang, were fired from their jobs.

The IJ denied relief, concluding that the gang members' arrest demonstrated that the government of the Dominican Republic "lack[s] . . . any desire to tolerate the gang's activities or their actions against the Polanco family." The Board of Immigration Appeals ("BIA") affirmed without opinion on April 27, 2010. Pereira-Polanco filed a

---

[1] The IJ noted Pereira-Polanco's conviction rendered him ineligible for cancellation of removal, waivers of removal, asylum, and withholding of removal under § 241(b)(3) of the INA. Pereira-Polanco does not challenge these determinations.

timely petition for review.[2]  The Government has filed a motion to dismiss.

Because Pereira-Polanco is a criminal alien, this Court has jurisdiction to review only constitutional claims, "pure questions of law," and "issues of application of law to fact, where the facts are undisputed and not the subject of challenge."  Kamara v. Att'y Gen., 420 F.3d 202, 211 (3d Cir. 2005) (quotations and citations omitted).  The Government argues that Pereira-Polanco "has raised no such claims . . . ."  We disagree.  Pereira-Polanco presents the legal question whether the BIA erred in concluding that he did not meet his burden to show his eligibility for CAT relief.[3]  See Toussaint v. Att'y Gen., 455 F.3d 409, 412 n.3 (3d Cir. 2006) ("[t]he question here involves not disputed facts but whether the facts, even when accepted as true, sufficiently demonstrate that it is more likely than not that [Toussaint] will be subject to persecution or torture upon removal to Haiti.").  Accordingly, we will deny the motion to dismiss.

To be eligible for withholding of removal under the CAT, "[t]he burden of proof is on the applicant . . . to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal."  8 C.F.R. § 1208.16(c)(2); see also Kamara, 420 F.3d at 212-13.  Torture is defined as the intentional infliction of severe

---

[2] Pereira-Polanco initiated these proceedings by filing an Entry of Appearance form on May 21, 2010.  The Clerk directed the parties to comment on whether that document constituted a petition for review.  Perereira-Polanco did not specifically respond, but he did file a proper petition for review on May 24, 2010.  The Government argues that the Entry of Appearance form did not constitute a petition for review, but concedes that Pereira-Polanco cured the defect with the petition that he filed on May 24, 2010.

[3] Pereira-Polanco also faults the BIA for affirming the IJ's decision without issuing its own opinion.  We have held, however, that the BIA's affirmance without opinion pursuant to the streamlining regulations does not constitute a violation of due process.

pain or suffering "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). "For purposes of CAT claims, acquiescence to torture requires only that government officials remain willfully blind to torturous conduct and breach their legal responsibility to prevent it." Silva-Rengifo v. Att'y Gen., 473 F.3d 58, 70 (3d Cir. 2007). In considering an application for relief under the CAT, the IJ must consider "all evidence relevant to the possibility of future torture." 8 C.F.R. § 1208.16(c)(3). This Court reviews whether an alien has demonstrated a likelihood of torture under the substantial evidence standard. See Wang v. Ashcroft, 368 F.3d 347, 350 (3d Cir. 2004).

Pereira-Polanco argues that the IJ erred in determining that he failed to demonstrate that the government of the Dominican Republic is willfully blind to the gang's torturous activities. Pereira-Polanco cites the dismissal of police officers with gang ties as evidence of the government's involvement in torture. But the dismissals themselves suggest that the government seeks to eliminate corruption. Furthermore, the arrests that were made in connection with murder of Pereira-Polanco's cousin further undermine his torture claim. Cf. Rodriguez Morales v. Att'y Gen., 488 F.3d 884, 891 (11th Cir. 2007) (denying CAT claim where Colombian police investigated alien's complaints against guerilla organization). While Pereira-Polanco's family members have gone into hiding because of the gang's threats, there is no indication that the police have refused to act after being asked to intervene. Pereira-Polanco further claims that the IJ should have granted relief based on the State Department Country Reports "which

See Dia v. Ashcroft, 353 F.3d 228, 238 (3d Cir. 2003) (en banc).

4

describe police and military involvement in criminal activity." Such a description, however, does little to advance his claim that the government seeks to torture him through its ties to the Chicho Buloba gang.

Pereira-Polanco also argues that the BIA should have remanded the case based on his criminal attorney's failure to advise him of the immigration consequences of his state court guilty plea. In Padilla v. Kentucky, 130 S. Ct. 1473, 1483, (2010), the Supreme Court held that "[w]hen the law is not succinct and straightforward . . ., a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences . . . [b]ut when the deportation consequence is truly clear, . . . the duty to give correct advice is equally clear." Pereira-Polanco's suggestion that he will be granted post-conviction relief based on Padilla is speculative, however, and we have held that the pendency of post-conviction motions do not negate the finality of criminal convictions for immigration purposes. See Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3rd Cir. 2008).

For the above reasons, we will deny the petition for review.[4]

---

[4] The Government's motion to dismiss is denied.

5