**ELD-044**                                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3401
_____

ORLANDO NEIL LEZAMA,
AKA Rubin Colon, AKA Neil Lezama,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A086-963-640)
Immigration Judge:  Honorable Margaret R. Reichenberg

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit L.A.R. 27.4 and I.O.P. 10.6
December 15, 2010
Before:  BARRY, CHAGARES and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed January 5, 2011)
_____

OPINION
_____

PER CURIAM

Petitioner Orlando Lezama has filed a petition for review of the Board of

Immigration Appeals' ("BIA") decision upholding the Immigration Judge's ("IJ") order

that denied his request for a continuance to pursue post-conviction relief ("PCR") and

ordered his removal to Trinidad and Tobago. The Government has filed a motion requesting summary denial of the petition for review, which Lezama opposes.

I

Lezama entered the United States in 1987, at age nine, with authorization to remain for a five-week period. He never left. In 2003, he pleaded guilty in New Jersey Superior Court, Union County, to possession with intent to distribute ecstasy and possession with intent to distribute ecstasy within 500 feet of a public park. At the plea colloquy, Lezama admitted that he and his attorney had discussed "the immigration or possible immigration consequences of [his] plea," including "a discussion about the possibilities of deportation[.]"

In July 2009, Lezama received a notice to appear indicating that he was removable for overstaying his visa and for incurring a drug conviction. In September 2009, Lezama appeared before the IJ, conceded removability, and applied for cancellation of removal. The IJ granted a continuance so that Lezama could pursue post-conviction relief in state court. Lezama then filed a PCR petition, arguing that his trial attorney was ineffective under State v. Nunez-Valdez, 975 A.2d 418 (N.J. 2009), in which the New Jersey Supreme Court held that counsel was ineffective for materially misinforming an alien that no immigration consequences would result from his guilty plea when, in fact, deportation was a mandatory consequence. Lezama claimed that, like Nunez-Valdez's attorney, his attorney incorrectly stated that he was unlikely to face deportation, when it was actually mandatory.

2

In January 2010, the IJ granted Lezama a second continuance because his PCR proceedings had not yet been completed. In March 2010, Lezama's PCR proceedings remained incomplete and he requested a third continuance. The IJ declined to grant a continuance, pretermitted his application for cancellation of removal, and ordered him removed. Lezama appealed to the BIA, arguing that the IJ erred in denying a continuance. The BIA dismissed the appeal and Lezama filed this petition for review. The Government has filed a motion to summarily deny the petition for review, and Lezama has submitted a response in opposition.

II

We have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a). Because the BIA issued its own opinion, we review its decision rather than the IJ's. See Li v. Att'y Gen., 400 F.3d 157, 162 (3d Cir. 2005). However, we look to the decision of the IJ to the extent that the BIA deferred to or adopted the IJ's reasoning. See Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006). If Lezama presents no substantial question, we may summarily deny the petition for review. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

We have jurisdiction to review an IJ's decision to deny a continuance, and do so for an abuse of discretion. See Khan v. Att'y Gen., 448 F.3d 226, 233 (3d Cir. 2006). That question is resolved on a case-by-case basis, and the IJ's decision should be reversed only if it was arbitrary, irrational, or contrary to law. See id. In denying a third continuance, the IJ reasoned that the removal proceedings had already been continued for

3

six months without resolution of Lezama's PCR petition. The BIA agreed, noting that Lezama's ability to prevail in his PCR case was speculative and that his request was for an indefinite period.[1]

In response to the Government's motion, Lezama argues that the continuance was not for a truly indefinite period: he had a PCR hearing scheduled, and the PCR court's decision was necessarily forthcoming. He also suggests that his likelihood of success on the PCR petition was more than speculative, as he made out a strong *prima facie* showing that his trial counsel was ineffective. Nevertheless, Lezama has identified no authority indicating that the IJ's unwillingness to further delay the removal proceedings because of his difficulty in obtaining more expedited review of his PCR petition was "arbitrary, irrational, or contrary to law." Nor does the fact that he received a hearing on his PCR petition in July affect the propriety of the IJ's earlier decision.

Accordingly, we will grant the Government's motion and deny the petition for review. We also deny Lezama's stay motion, which we earlier granted pending review of the administrative record.

---

[1] The pendency of a post-conviction motion does not negate the finality of a conviction for immigration purposes. See Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008).

Lezama's PCR petition filed in the New Jersey Superior Court was denied on December 1, 2010. The opinion of the Superior Court found as a fact that Lezama's testimony as to receiving deportation advice was not credible, and that his attorney's testimony was credible. It therefore held that there was no ineffective assistance of counsel.

This being so, we grant the Government's motion for summary action and deny Lezama's petition for review, which was also held in abeyance, all as noted in text above.