ALD-150                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3374
_____

IVELISSE BERROA-BODRE,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A44-448-672)
Immigration Judge:  Honorable Annie Garcy
_____

Submitted on the Respondent's motion for Summary Action Pursuant to Third Circuit
LAR 27.4 and I.O.P. 10.6
March 31, 2011

Before:  SCIRICA, HARDIMAN AND VANASKIE, Circuit Judges

(Opinion filed: April 8, 2011)
_____

OPINION
_____

PER CURIAM

    In 1993, Ivelisse Berroa-Bodre, a native of the Dominican Republic, was allegedly

adopted by her stepmother who was a United States citizen by birth.  In 1994, Berroa-

Bodre was admitted to the United States as a lawful permanent resident. In 1995, when she was 17, her father and stepmother divorced. In October 2007, Berroa-Bodre was charged as removable for her convictions for aggravated felonies and a controlled substance offense. She filed a counseled motion to terminate the proceedings and argued that she had acquired United States citizenship. The IJ concluded that Berroa-Bodre did not derive citizenship through her adoption by her United States citizen stepmother. Berroa-Bodre appealed pro se to the BIA. The BIA dismissed the appeal. Berroa-Bodre filed a pro se petition for review. After she filed her brief, the government filed a motion for summary denial of the petition.

We have jurisdiction under 8 U.S.C. § 1252. Because there are no genuine issues of material fact, we may decide Berroa-Bodre's citizenship claim. 8 U.S.C. § 1252(b)(5)(A). We exercise plenary review over the denial of her claim of citizenship. See Jordan v. Att'y Gen., 424 F.3d 320, 328 (3d Cir. 2005). Berroa-Bodre cannot derive citizenship under the Child Citizenship Act of 2000 (CCA) because she was over the age of 18 when the CCA became effective in February 2001, and the CCA does not apply retroactively. Morgan v. Att'y Gen., 432 F.3d 226, 230 n.1 (3d Cir. 2005). The BIA correctly determined that former 8 U.S.C. §§ 1431-32 did not apply to Berroa-Bodre because her adoptive mother was already a citizen by birth and those sections applied to an adopted child who resides in the United States at the time of the naturalization of her adoptive parent. The BIA also correctly concluded that Berroa-Bodre did not qualify under former 8 U.S.C. § 1433 because she did not acquire a certificate of citizenship

2

before her 18th birthday. Former section 1433 allowed a citizen parent to apply for a certificate of citizenship for a child born outside the United States if the child is under eighteen years of age, was lawfully admitted, and is in the legal custody of the citizen parent. Berroa-Bodre does not argue that her adoptive mother applied for a certificate of citizenship on her behalf before Berroa-Bodre turned 18.

In her brief, Berroa-Bodre does not challenge her removability but states that she is seeking to challenge her criminal conviction on which the charge of removability is based. However, the pendency of a post-conviction motion does not negate the finality of a conviction for immigration purposes until the conviction is overturned. Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008). Berroa-Bodre argues that the Immigration Judge should have given her time to vacate her conviction. She did not argue this issue before the BIA; thus, we lack jurisdiction to consider her argument. An alien must exhaust her remedies as to each ground for relief. Cheng v. Att'y Gen., 623 F.3d 175, 185 n.5 (3d Cir. 2010). In any event, the IJ adjourned her case several times to allow her to support the citizenship claim. Moreover, she was charged as removable in October 2007, and the IJ did not order her removed until March 2010.

Summary action is appropriate if there is no substantial question presented in the petition. See Third Circuit LAR 27.4. For the reasons above, we will summarily deny the petition for review. See Third Circuit I.O.P. 10.6.

3