**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2160
_____

PAUL ALGERNON HOLDER,
                                                  Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A036-705-602)
Immigration Judge:  Honorable Andrew Arthur
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 26, 2011

Before:   JORDAN, GARTH and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 26, 2011 )

_____

OPINION
_____

PER CURIAM

        Paul Holder, proceeding pro se, petitions for review of the Board of Immigration

Appeals' ("BIA") order upholding the Immigration Judge's ("IJ") orders directing his

removal, denying his request for a continuance, and denying his motion for

reconsideration. For the reasons that follow, we will deny the petition for review.

I

Holder, a citizen of Guyana and a lawful permanent resident of the United States, was placed in removal proceedings based on a 2010 aggravated felony conviction. At his first appearance before the IJ, Holder requested a continuance to obtain counsel, which the IJ granted. In November 2010, Holder appeared before the IJ with counsel. Holder conceded removability and did not seek relief from removal, but asked the IJ for another continuance pending resolution of his state court petition for post-conviction relief ("PCR"). The IJ denied Holder's request for a continuance and ordered him removed to Guyana.

Holder thereafter filed with the IJ a timely motion to reopen, which the IJ also construed as a motion to reconsider, arguing that his request for a continuance during his PCR proceedings should have been granted, particularly in light of an upcoming evidentiary hearing. The IJ denied the motion, reasoning that Holder failed to present previously unavailable information, and Holder appealed. The BIA dismissed his appeal, and Holder timely filed this petition for review.

II

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Because the BIA issued its own opinion, we review its decision rather than the IJ's. See Li v. Att'y Gen., 400 F.3d 157, 162 (3d Cir. 2005). However, we look to the decision of the IJ to the extent that the BIA deferred to or adopted the IJ's reasoning. See Chavarria v. Gonzalez, 446 F.3d 508,

2

515 (3d Cir. 2006).

The thrust of Holder's argument is that the IJ erred in denying his request for a continuance. We have jurisdiction to review an IJ's decision to deny a continuance, and do so for an abuse of discretion. See Khan v. Att'y Gen., 448 F.3d 226, 233 (3d Cir. 2006). That question is resolved on a case-by-case basis, and the IJ's decision should be reversed only if it was arbitrary, irrational, or contrary to law. See id. Further, the pendency of a post-conviction motion does not negate the finality of a conviction for immigration purposes. See Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008). The IJ reasoned, and the BIA agreed, that neither the pendency of Holder's PCR petition nor the fact of his upcoming PCR evidentiary hearing constituted good cause to warrant a second continuance. Given that Holder's likelihood of success in PCR proceedings was speculative, and that the validity of his conviction had not otherwise been called into question, we are not persuaded that the IJ's decision was arbitrary, irrational, or contrary to law. Our decision in this case does not foreclose the possibility that an Immigration Judge could, in his discretion, grant a continuance on such a basis. However, that possibility does not render the IJ's decision an abuse of discretion, and we must decline Holder's invitation to mandate that, in all cases, the Agency find good cause for a continuance whenever an alien is scheduled to testify at a PCR evidentiary hearing.

Relatedly, Holder argued that he had a substantive due process right under Pennsylvania law to testify at his PCR evidentiary hearing, and that the IJ violated his right to due process under the Fifth Amendment to the United States Constitution by

3

ordering his removal and denying his request for a continuance, thus creating the *possibility* that he would be removed before testifying. To prevail on this argument, Holder must demonstrate that he was substantially prejudiced by the IJ's decision. See Khan, 448 F.3d at 236. He cannot: as Holder noted in his brief to the BIA, he testified at the PCR hearing notwithstanding the IJ's decision, and thus was not prejudiced for want of a continuance.

Accordingly, we will deny the petition for review.