**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2828
_____

JERMANINE RONNIE SALMON,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A058-462-933)
Immigration Judge:  Honorable Margaret Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 3, 2012

Before:  SLOVITER, GREENAWAY, JR. and BARRY, Circuit Judges

(Opinion filed:  December 28, 2012)
_____

OPINION
_____

PER CURIAM

    Jermanine Salmon, proceeding pro se, petitions for review of a final order of

removal.  For the reasons discussed below, we will deny the petition for review.

    Salmon, a native and citizen of Jamaica, was admitted into the United States as an

immigrant in 2006. In 2007, he was convicted in New Jersey state court of theft by unlawful taking or disposition, in violation of N.J. Stat. Ann. § 2C:20-3. In 2008, Salmon was convicted of receipt of stolen property, in violation of N.J. Stat. Ann. § 2C:20-7. In September 2010, the Department of Homeland Security issued a Notice to Appear, charging him with being removable as an alien convicted of a crime involving moral turpitude for which a sentence of one year or longer may be imposed and having been committed within five years after admission (8 U.S.C. § 1227(a)(2)(A)(i)), and as an alien convicted of two crimes involving moral turpitude not arising out of a single scheme of misconduct (8 U.S.C. § 1227(a)(2)(A)(ii)).

At a November 23, 2010, hearing, Salmon appeared before the Immigration Judge ("IJ") and conceded his removability. During the hearing, Salmon informed the IJ that he had filed post-conviction relief ("PCR") requests in each of the convicting courts from his 2007 and 2008 convictions. The IJ granted Salmon a continuance to await the outcome of his PCR requests and asked Salmon to forward the Immigration Court copies of the requests.

On December 14, 2010, Salmon appeared before the IJ and stated that the convicting court had reopened his 2008 case and set a court date, and that he was waiting to speak with his attorney. Based on Salmon's representations, the IJ granted Salmon two continuances, from December 14, 2010, until January 3, 2011, and from January 3, 2011, until March 8, 2011, for Salmon to submit proof that his PCR request was granted. On March 8, 2011, Salmon submitted evidence indicating only that his PCR request

remained pending. At that time, the IJ declined Salmon's request for an additional continuance and ordered his removal based on his criminal convictions.

Salmon appealed to the Board of Immigration Appeals ("BIA") which, after prolonged proceedings, upheld the IJ's decision denying a continuance. In the proceedings before the BIA, Salmon also requested that the BIA grant him voluntary departure, as he had located his travel documents and obtained the finances needed to return to Jamaica, which he did not have during the proceedings before the IJ. The BIA construed the request as a motion to remand and denied the request. Salmon timely petitioned for review of the BIA's determination.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Because the BIA issued its own opinion, we review its decision rather than the IJ's. Li v. Att'y Gen., 400 F.3d 157, 162 (3d Cir. 2005). However, we look to the decision of the IJ to the extent that the BIA deferred to or adopted the IJ's reasoning. Chavarria v. Gonzalez, 446 F.3d 508, 3 515 (3d Cir. 2006). We review the denial of a continuance for an abuse of discretion. Khan v. Att'y Gen., 448 F.3d 226, 233 (3d Cir. 2006). That question is resolved on a case-by-case basis, and the agency's decision should be reversed only if it was arbitrary, irrational, or contrary to law. Id.

In his opening brief,[1] Salmon argues that the agency erred in denying his request for an additional continuance. He asserts that he is continuing to pursue PCR from his

---

[1] We agree with the Government that Salmon has waived review of the BIA's denial of his request to remand his proceedings to submit additional evidence in support of a claim for voluntary departure. See Bradley v. Att'y Gen., 603 F.3d 235, 243 n.8 (3d Cir. 2010)

2008 conviction based on Padilla v. Kentucky, 130 S. Ct. 1473 (2010) (holding that right to effective assistance of counsel requires that defendant be advised of immigration consequences of plea), and the state courts are likely to grant him relief .

In denying Salmon an additional continuance, the IJ reasoned -- and the BIA agreed -- that Salmon had already obtained three continuances spanning three months, yet his PCR petition remained pending with no indication that the petition would be resolved quickly or in his favor. Moreover, this Court has held that the pendency of post-conviction motions or other forms of collateral attack "does not vitiate finality [for immigration purposes], unless and until the convictions are overturned as a result of the collateral motions." Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008). Salmon has not shown that his 2008 conviction has been called into question or overturned by any court; he merely suggests that the 2008 conviction is vulnerable to attack in light of Padilla. We conclude on this record that the refusal to continue proceedings was not an abuse of the agency's discretion.

Accordingly, we will deny the petition for review.[2]

_____

(holding that argument not raised in opening brief is waived).

[2] Salmon's motion to file a supplemental brief is also denied. In Salmon's supplemental brief, filed contemporaneously with his motion, he argues that the IJ erred in concluding that he was removable on grounds that he had been convicted of a crime involving moral turpitude. However, as we noted earlier, arguments not raised in a petitioner's opening brief are waived. Bradley, 603 F.3d at 243 n.8. Moreover, because Salmon did not raise that argument on appeal to the BIA, the claim has not been exhausted administratively and we would lack jurisdiction to consider it even if he had presented it in his opening brief. See 8 U.S.C. § 1252(d)(1); Sandie v. Att'y Gen., 562 F.3d 246, 250 n.1 (3d Cir. 2009).