NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3330
_____

NELSON VALERIO MARMOLEJOS,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A031-024-892)
Immigration Judge:  Honorable Margaret Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 1, 2013

Before:  SCIRICA, JORDAN and GREENBERG, Circuit Judges

(Opinion filed: March 11, 2013)
_____

OPINION
_____

PER CURIAM

Nelson Valerio Marmolejos petitions for review of a decision of the Board of

Immigration Appeals (BIA). For the reasons below, we will deny the petition for review.

Marmolejos, a native of the Dominican Republic, entered the United States in 1974 as a lawful permanent resident. In 2008 and 2010, he was convicted in New York of possession of crack cocaine. In December 2011, he was charged as removable for those controlled substance convictions. He conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture. He argued that he would be persecuted in the Dominican Republic based on his membership in the social group of older men with drug convictions. After a hearing at which Marmolejos was represented by counsel, an Immigration Judge (IJ) denied relief. The IJ determined that Marmolejos had not established his membership in a social group or that members of that group are persecuted on account of their membership. The IJ determined that Marmolejos would not be tortured if removed to the Dominican Republic. The BIA agreed with the IJ and dismissed Marmolejos's pro se appeal. It also denied his motion to remand, having concluded that the additional evidence he sought to offer was already in the record.

Marmolejos filed a pro se petition for review. Because Marmolejos was convicted of a controlled substance offense, see 8 U.S.C. § 1182(a)(2)(A)(i)(II), we lack jurisdiction to review his final order of removal, 8 U.S.C. § 1252(a)(2)(C), except to the extent that he raises constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D).

In his brief, Marmolejos argues that he is collaterally challenging the convictions

2

upon which his removal was based. He requests that we stay his removal until the state courts act upon his post-conviction petitions. However, Marmolejos's convictions are final for immigration purposes until they are overturned. <u>Paredes v. Att'y Gen.</u>, 528 F.3d 196, 198-99 (3d Cir. 2008).[1] Moreover, he did not request a continuance from the IJ to pursue post-conviction relief, nor did he exhaust this issue before the BIA.

Marmolejos contends that the IJ and BIA erred when they failed to examine the additional evidence he provided. He argues that his case should be reopened and remanded to the IJ for a new hearing. He has submitted a State Department Country Report which he believes supports his claim and blames his former attorney for failing to present this evidence earlier. However, the report Marmolejos has attached was already part of the record and considered by the IJ. A.R. at 72, 204-222. The BIA did not err in denying his motion to remand. As for his argument of ineffective assistance of counsel, the BIA correctly concluded that Marmolejos did not comply with the requirements of <u>Matter of Lozada</u>, 19 I. & N. Dec. 637, 639 (BIA 1988).

Next, Marmolejos argues that the IJ erred in determining that he did not belong to a particular social group. He asserts that if removed to the Dominican Republic, he will be targeted as a part of a social group because he is a "morbidly ill, elderly drug addict

---

[1] The IJ noted that Marmolejos was not eligible for cancellation of removal because he was previously granted a Section 212(c) waiver of removal in 2006 with respect to an earlier conviction. A.R. at 92, 172.

deportee, with no family support."[2]  However, the IJ also determined, and the BIA

agreed, that Marmolejos had not shown that he would be persecuted on the basis of his

membership in a social group or tortured if removed to the Dominican Republic.

Marmolejos has not pointed to any legal errors or constitutional issues regarding the IJ's

determinations.

Finally, Marmolejos contends that he recently discovered that he is eligible for

§ 212(h) relief.  However, he did not present this argument in his brief to the BIA.  Thus,

he has not exhausted his administrative remedies, and we lack jurisdiction over that

claim.  See 8 U.S.C. § 1252(d)(1).

For the above reasons, we will deny the petition for review.

---

[2] In her opinion, the IJ described how she asked for clarification of the basis of
Marmolejos's claim.  A.R. at 69.  His counsel indicated that the social group was men of
Marmolejos's age with felony convictions.  A.R. at 153.  The IJ concluded that the social
group proposed by Marmolejos was overbroad.