**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3082
_____

MARIO JOSE LLIN SANTANA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A044-446-371)
Immigration Judge:  Honorable Miriam K. Mills

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2014
Before:  JORDAN, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Opinion filed:  January 8, 2014)
_____

OPINION
_____

PER CURIAM

Mario Llin Santana, a citizen of the Dominican Republic, became a lawful

permanent resident of the United States in 1994.  In 1997, he pled guilty to and was

convicted of attempted criminal sale of a controlled substance in the third degree, in

violation of New York Penal Law ("NYPL") § 220.39.  In 2010, Llin Santana returned

from a trip to the Dominican Republic and was questioned by an immigration official. He admitted to his prior conviction, though he claimed that he only pled guilty because his attorney told him to. He was subsequently served with a Notice to Appear charging him as inadmissible under both 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an alien who has been convicted of "a violation of . . . any law . . . of a State . . . relating to a controlled substance," and § 1182(a)(2)(C), as an alien who the Attorney General knows or has reason to believe "has been an illicit trafficker in any controlled substance." Those charges were sustained, and he was ordered removed.

Llin Santana's appeal to the Board of Immigration Appeals ("BIA") was dismissed on June 5, 2013, and he timely petitioned for review.[1] Because Llin Santana was found removable due to a conviction of a controlled substance offense, see 8 U.S.C. § 1182(a)(2)(A)(i)(II), we lack jurisdiction to review his final order of removal, 8 U.S.C. § 1252(a)(2)(C), except to the extent that he raises constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D). As a threshold matter, such claims must be colorable, i.e., non-frivolous. See Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010).

Llin Santana presently claims that the Government failed to demonstrate that his conviction constituted a felony punishable under the Controlled Substances Act ("CSA"). However, no such demonstration is required; *any* conviction for a crime involving a

---

[1] The Government incorrectly argues that Llin Santana's petition for review was untimely filed on July 8, 2013. The petition for review was received by the Court on July 3, 2013, 28 days after the Board's dismissal of his appeal. See 8 U.S.C. § 1252(b)(1) (providing for 30-day deadline in which to file petition for review).

controlled substance is grounds for inadmissibility under § 1182(a)(2)(A)(i)(II).  See

Mizrahi v. Gonzales, 492 F.3d 156, 158–59 (2d Cir. 2007) (explaining that "the statutory

language indicates Congress's "intent to sweep broadly, applying to a violation of '*any*

law or regulation,*' whether state, federal, or foreign, '*relating to* a controlled substance'")

(quoting § 1182(a)(2)(A)(i)(II)); see also Borrome v. Att'y Gen., 687 F.3d 150, 160 (3d

Cir. 2012) (noting that the phrase "relating to" is to be read expansively).  Moreover, Llin

Santana does not challenge the BIA's holding that all of the substances criminalized by

NYPL § 220.39 are included in the CSA, and they are.[2]  Thus, any conviction under

NYPL § 220.39 constitutes a violation of a law "relating to a controlled substance" as

defined by the CSA and justifies a finding of inadmissibility under § 1182(a)(2)(A)(i)(II)

irrespective of whether the record identifies the substance involved.  Cf. Rojas v. Att'y

Gen., 728 F.3d 203, 204, 206 (3d Cir. 2013) (en banc) (holding that the Government was

required to prove the identity of the controlled substance involved in a Pennsylvania

offense where "Pennsylvania's controlled substances schedules list drugs that are not in

the federal schedules").  To the extent Llin Santana argues that the Government has not

---

[2] The CSA provides a list of "controlled substances" at 21 U.S.C. § 812, which is supplemented by 21 C.F.R. §§ 1308.11–.15.  Borrome, 687 F.3d at 158.  The Federal Analog Act further provides that the analog of any of the listed substances shall themselves be treated as a controlled substance under schedule I.  21 U.S.C. § 813. NYPL § 220.39 criminalizes the sale of numerous classes of drugs which are enumerated in NY Public Health Law § 3306.  All of the substances that could be involved in a conviction under NYPL § 220.39 are either included in the CSA or are analogues of listed substances.  Compare NYPL § 220.39 and NY Public Health Law § 3306 with 21 U.S.C. §§ 802(6); 812(c); 813.

3

met his burden to demonstrate his inadmissibility because the record simply refers to a

"dangerous drug," his claim is frivolous.

The petition for review presents no colorable claims,[3] and we will dismiss it for

lack of jurisdiction.  Pareja, 615 F.3d at 186.

---

[3] Because Llin Santana is inarguably inadmissible under § 1182(a)(2)(A)(i)(II), any challenge to the BIA's determination that he is inadmissible under § 1182(a)(2)(C) is frivolous.  Llin Santana's contention that he is actually innocent of the crime at issue and pled guilty only on the advice of counsel also is not colorable; a conviction remains a conviction for immigration purposes unless and until it is overturned, which Llin Santana does not allege has occurred here.  See Paredes v. Att'y Gen., 528 F.3d 196, 198–99 (3d Cir. 2008).  Accordingly, these claims are beyond our jurisdiction.  8 U.S.C. § 1252(a)(2)(D); Pareja, 615 F.3d at 186.

4