**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4552
_____

DOLORES CRISTINA DIAZ-ORTEGA,
a/k/a DOLORES ORTEGA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review from the Board of Immigration Appeals
(B.I.A. No. A089-463-598)
Immigration Judge: Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 10, 2015
_____

Before: CHAGARES, SHWARTZ, and RENDELL, <u>Circuit Judges</u>.

(Filed: November 13, 2015)

_____

OPINION[*]
_____

SHWARTZ, <u>Circuit Judge</u>.

      Dolores Cristina Diaz-Ortega ("Petitioner") petitions for review of an order of the

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Board of Immigration Appeals ("BIA") denying her motion to reopen her removal proceedings and remand to the Immigration Judge ("IJ") to determine if she is eligible to adjust her status. For the reasons that follow, we will deny the petition.

I

Petitioner is a citizen and native of the Dominican Republic. In 1983, she entered the United States via Mexico without inspection. On April 30, 2001, Petitioner's husband, who is a legal permanent resident of the United States, filed a visa petition on her behalf. Because she entered the United States without inspection, she is eligible to adjust her status to legal permanent resident under 8 U.S.C. § 1255 only if she was the beneficiary of a visa petition that was properly filed on or before April 30, 2001. 8 U.S.C. § 1255(i). Petitioner's visa petition was rejected because it included an unsigned check that listed an incorrect amount for the filing fee, and thus it was not properly filed by the April 30 deadline. Although her visa was eventually approved, the approval notice warned that she was "not eligible to file an adjustment of status application." AR 56. Petitioner nonetheless applied for adjustment of status, which was denied on January 4, 2008.

On January 8, 2008, the Department of Homeland Security ("DHS") issued Petitioner a notice to appear, charging her with removability due to her illegal entry. Petitioner admitted to having entered the United States illegally, but applied for cancellation of removal under 8 U.S.C. § 1229b(b) based upon the hardship it would cause to her husband, adult children, and mother, who cares for Petitioner's sister, who

2

has Down's Syndrome. Petitioner also stated that one of her daughters has a learning disability requiring additional supervision. In her application, Petitioner also disclosed that she had been convicted of shoplifting in Fairview, New Jersey, in 1991, and retail theft in York, Pennsylvania, in 1993. **AR 426.**

Petitioner appeared before the IJ several times over the next five years. During a March 2009 hearing, her attorney stated that she was ineligible to adjust her status due to her illegal entry. At the April 2013 merits hearing, the Government moved to pretermit Petitioner's application for cancellation of removal due to her criminal convictions. In addition to the documents Petitioner provided concerning two of her convictions, the Government produced a computer generated "rap sheet," which indicated that Petitioner had a third conviction for retail theft in Northern York, Pennsylvania from 1993.

In an oral decision, the IJ noted that the case presented a "remarkably[ ] sympathetic set of circumstances," AR 273, and that nearly all of the discretionary factors would favor Petitioner, but nonetheless granted the Government's motion because she was ineligible for cancellation of removal because she "ha[d] been convicted three times of minor theft offenses" falling under 8 U.S.C. § 1182(a)(2). AR 146. The IJ declined to grant Petitioner a continuance to allow her to collaterally attack the convictions because she had waited years to pursue such relief and now requested an indeterminate amount of time to do so. Petitioner appealed to the BIA, which upheld the IJ's decision.

Petitioner thereafter filed a motion to reopen with the BIA on the ground that her New Jersey shoplifting conviction had been vacated. In the alternative, Petitioner

3

requested that her case be reopened and remanded to the IJ to consider whether she is eligible to adjust status under 8 U.S.C. § 1255(i), an issue she asserts the IJ never considered. The BIA denied Petitioner's request to reopen her removal proceedings, reasoning that the new evidence of her vacated conviction did not establish "that she [was] prima facie eligible for cancellation of removal[] [because] she ha[d] two remaining theft convictions." AR 3. The BIA also declined to reopen and remand because it was not "persuaded that [she was] eligible to adjust status, given the . . . denial of her [adjustment of status] application." AR 3. Petitioner appeals.

## II[1]

### A

The BIA may deny a motion to reopen because: (1) "the movant has failed to establish a prima facie case for the relief sought," (2) "the movant has failed to introduce previously unavailable material evidence that justified reopening," and/or (3) "the movant would not be entitled to the discretionary grant of relief" sought. Filja v. Gonzales, 447 F.3d 241, 255 (3d Cir. 2006). The BIA denied Petitioner's motion to reopen because she failed to show that the elimination of her New Jersey criminal

---

[1] Generally, we have jurisdiction to review denials of motions to reopen for abuse of discretion, overturning them if they are "arbitrary, irrational, or contrary to law." Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). In this case, it can be argued that Petitioner is removable, at least in part, "by reason of having committed a criminal offense covered in section 1182(a)(2)," and thus our jurisdiction should be limited to questions of law or the application of the law to undisputed facts. 8 U.S.C. §§ 1252(a)(2)(C),(D); Silva–Rengifo v. Att'y Gen. of the U.S., 473 F.3d 58, 63 (3d Cir. 2007). Under either standard, the result is the same because, as explained herein, the Petitioner has not shown prima facie eligibility for relief.

4

conviction would allow her to establish prima facie entitlement to relief, given her two other convictions.

To establish prima facie eligibility for discretionary cancellation of removal, Petitioner would need to show that (1) she "has been physically present in the United States for a continuous period of not less than 10 years;" (2) she "has been a person of good moral character during such period;" (3) she "has not been convicted of an offense" involving moral turpitude, a drug crime, or an aggravated felony; and (4) "removal would result in exceptional and extremely unusual hardship to [her] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1). The IJ denied her petition because she was convicted of a crime of moral turpitude.

Petitioner does not dispute that retail theft is a crime of moral turpitude. See Briseno-Flores v. Att'y Gen. of U.S., 492 F.3d 226, 228 (3d Cir. 2007). Petitioner, however, argues that the two remaining theft convictions do not disqualify her from cancellation of removal because (1) proof of the Northern York conviction was based on unauthenticated and incomplete documentation and she was not permitted to testify that the conviction did not pertain to her, and (2) the York conviction falls under the "petty offense" exception in 8 U.S.C. § 1182(a)(2)(A)(ii). Even if we credit Petitioner's arguments about the Northern York conviction, she still is not entitled to relief because her remaining conviction does not qualify for the petty offense exception. See 8 U.S.C. § 1182(a)(2)(A)(ii).

Under 8 U.S.C. § 1182(a)(2)(A)(i), "any alien convicted of . . . a crime involving moral turpitude . . . is inadmissible" unless the crime falls within the "petty offense" exception. This exception applies solely "to an alien who committed only one crime," where either "the crime was committed when the alien was under 18 years of age," and occurred "more than 5 years before the date of application," or "the maximum penalty possible for the crime . . . did not exceed imprisonment for one year," and "the alien was not sentenced to a term . . . in excess of 6 months." 8 U.S.C. § 1182(a)(2)(A)(ii). The York conviction does not meet these requirements. Petitioner was 33 years old when she was arrested and she pled guilty to a third degree felony for which the maximum penalty is seven years imprisonment. 18 Pa. Cons. Stat. § 1103. Although Petitioner was only sentenced to one year of probation and required to pay restitution, she faced a statutory maximum exceeding one year, and thus the crime falls outside the petty offense exception.[2] See Vartelas v. Holder, 620 F.3d 108, 115-16 (2d Cir. 2010) (citing additional cases), rev'd on other grounds, 132 S. Ct. 1479 (2012). Because the York conviction remains undisturbed, and it is a crime of moral turpitude that does not qualify as a petty offense, the BIA correctly concluded that Petitioner did not show prima facie

---

[2] Under Pennsylvania law, the grading for the crime of retail theft is dependent on the defendant's number of prior offenses and is classified as a third degree felony when it is a third or subsequent offense. 18 Pa. Cons. Stat. § 3929(b)(1)(iv). While Petitioner may have a basis to seek relief in York County given the change in the number of her criminal convictions, she cannot do so in this proceeding. Any collateral attack she may launch against the conviction, however, would not alter its finality for immigration purposes "unless and until the conviction[] [were] overturned . . . ." Paredes v. Att'y Gen. of U.S., 528 F.3d 196, 198-99 (3d Cir. 2008).

entitlement to relief and properly denied her motion to reopen. The BIA also did not err in denying Petitioner's motion to reopen and remand for consideration of her eligibility for adjustment of status. Even if Petitioner had not waived the argument that she is eligible to adjust as a result of her counsel's statement that she was not eligible to do so, Petitioner presented no new evidence suggesting that she is eligible. Petitioner seeks eligibility based upon a claim that she filed a visa petition in April 2001, which if properly filed would have provided her a means to adjust her status. A properly filed petition required payment of a certain fee. Under INS regulations, a "petition which is not properly signed or is submitted with the wrong filing fee shall be rejected as improperly filed." 8 C.F.R. § 103.2(a)(7) (2001); Blanco v. Holder, 572 F.3d 780, 782-83 (9th Cir. 2009) (noting that the regulation explicitly required rejection of an incorrect filing fee but did not speak to an unsigned check). While Petitioner seeks remand to determine if her unsigned check was for the correct filing fee, she does not dispute that it was incorrect and has not presented previously unavailable evidence to show that she submitted the correct fee or filed her petition in accordance with § 103.2(a)(7).[3] As a result, Petitioner has not shown prima facie eligibility to adjust status, and the BIA properly denied her motion to reopen and remand this issue to the IJ.

---

[3] Petitioner's argument that the rejection notice contained an error is also unavailing, as a mistake in the Petitioner's name does not alter the fact that the agency correctly rejected her visa application as improperly filed. Furthermore, the record shows that the same incorrect name was listed on Petitioner's application.

## III

For the foregoing reasons, we will deny the petition.