**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2867
_____

JUAN GUADALUPE GALVAN GRIMALDO,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A078-886-828)
Immigration Judge:  Honorable Walter A. Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 3, 2016
Before:  CHAGARES, KRAUSE and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 1, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Juan Guadalupe Galvan Grimaldo petitions from an order of the Board of Immigration Appeals ("BIA"), which dismissed his appeal from an Immigration Judge's ("IJ") final removal order. We will deny the petition for review.

Petitioner, a native and citizen of Mexico, entered the United States at an unknown date and location, but in 2002 adjusted his status to that of a lawful permanent resident. In 2010, he was convicted in federal court of conspiracy to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. He was initially sentenced to 87 months in prison, but in February 2015 the sentence was reduced to 70 months in prison. Petitioner was charged with being removable on two bases: (1) INA § 237(a)(2)(B)(i) [8 U.S.C. § 1227(a)(2)(B)(i)] (controlled substance violation); and (2) INA § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii)] (conviction of an aggravated felony).[1]

Petitioner appeared pro se[2] before the IJ, who sustained the charges and ordered him removed. Although Petitioner had not presented the IJ with any applications for

---

[1] The Notice to Appear charged that Petitioner's conviction was an offense relating to drug trafficking and thus an aggravated felony. See INA § 101(a)(43)(B) & (U) [8 U.S.C. § 1101(a)(43)(B) & (U)].

[2] Petitioner was given the "free lawyer list" on March 17. He was granted one continuance to find a lawyer, but he was not able to do so. When the hearing reconvened on May 12, the IJ denied Petitioner's request for a continuance to seek relief from his criminal conviction. To the extent Petitioner alleges that the denial of his motion for continuance resulted in a due process violation, we find no error, as Petitioner has not demonstrated how he was prejudiced by the failure to grant a continuance. See Jarbough v. Att'y Gen., 483 F.3d 184, 192 (3d Cir. 2007) (to establish due process violation, petitioner must show he was deprived of right to full and fair hearing and must show substantial prejudice); Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008)

2

relief, on appeal he argued that the IJ should have granted him cancellation of removal under INA § 240A(b)(1) [8 U.S.C. § 1229b(b)(1)], or a waiver under INA § 212(c) or (h) [8 U.S.C. § 1182(c) or (h)]. The BIA explained that Petitioner was ineligible for any relief because of his conviction for an aggravated felony. The BIA also noted Petitioner's statement that the IJ did not "want to see and hear" during his removal proceedings. The BIA stated that Petitioner had not demonstrated that the IJ erred in any way in evaluating his evidence or conducting his hearings. The BIA also noted that Petitioner had not demonstrated that he had been prejudiced in any way.[3] Petitioner timely filed a petition for review.

In his brief, Petitioner challenges only the agency's failure to grant him a waiver under INA § 212(h). We have limited jurisdiction over this petition for review, as Petitioner was convicted of a controlled substance violation, which was also an aggravated felony.[4] See 8 U.S.C. § 1252(a)(2)(C). Further, INA § 212(h) provides that "[n]o court shall have jurisdiction to review a decision of the Attorney General to grant or deny a waiver under this subsection." 8 U.S.C. § 1182(h); see also 8 U.S.C.

_____

(pendency of post-conviction petition does not affect validity of conviction for removal purposes).

[3] The BIA also properly noted that the IJ had no authority to grant general humanitarian relief.

[4] Petitioner did not challenge before the agency and does not challenge here his aggravated felony status. See Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004) (issue not raised in opening brief is waived). In any event, we agree with Respondent that Petitioner's conviction constitutes both a controlled substance violation and an aggravated felony. See Respondent's Br. at 11-12.

3

§ 1252(a)(2)(B)(i).  While we retain jurisdiction to consider colorable constitutional claims or questions of law, see 8 U.S.C. § 1252(a)(2)(D); Kaplun v. Att'y Gen., 602 F.3d 260, 265 (3d Cir. 2010), the only legal issue Petitioner raises is irrelevant.[5]  Petitioner is statutorily ineligible for § 212(h) relief because such relief only applies if a conviction "relates to a single offense of simple possession of 30 grams or less of marijuana."  INA § 212(h).  Petitioner's conviction was for conspiracy to distribute methamphetamines, not for simple possession of marijuana.

For the foregoing reasons, we will deny the petition for review.[6]

---

[5] Petitioner argues that the agency erred in finding him ineligible for a § 212(h) waiver because of his post-entry adjustment of status.  The agency did not deny relief on that basis.

[6] Petitioner's request to be released on bond pending a decision, contained in his brief, is denied as moot.