**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3021
_____

OLEG KRASNOSHEKOV,
                              Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A207-043-162)
Immigration Judge: Jason L. Pope
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 11, 2022

Before: AMBRO, BIBAS, and ROTH, *Circuit Judges*

(Filed: February 4, 2022)
_____

**OPINION**[*]
_____

BIBAS, *Circuit Judge*.

Every appellant faces a choice: focus on a few arguments or attack every point. Oleg

Krasnoshekov chose the former. After an immigration judge found that he had a conviction,

---

[*]  This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

he faced removal (deportation). He appealed but did not contest the finding that he had been convicted. He now regrets that decision, but it is too late to change course. We cannot review the judge's finding that he has a conviction, and it alone bars relief. So does another unreviewable finding. We will thus deny his petition for review.

## I. BACKGROUND

Krasnoshekov, a citizen of the Republic of Georgia, came to the United States in 1998. Though his visa let him stay for just three months, he never left. Instead, he worked odd jobs and married an American citizen in 2013. A year later, his wife gave birth to their daughter.

Krasnoshekov's marriage was unhappy. He and his wife separated in 2016, but he kept visiting her to see his daughter. During one visit, he grabbed his wife by the throat, shoved her against a kitchen counter, and threatened to kill her—all in front of their daughter. His wife called the police, who arrested him and charged him with aggravated assault. N.J. Stat. Ann. § 2C:12-1(b)(7).

Krasnoshekov pleaded guilty in exchange for five years' probation. Because of his conviction, the federal government took him into custody and started proceedings to remove him from this country. He conceded that he could be removed for overstaying his visa. But he applied to cancel that removal, arguing that it would inflict extreme hardship on his American daughter.

To further that application, Krasnoshekov sought a continuance to give him time to challenge his conviction in New Jersey court. He insisted that he had "plead[ed] guilty to a crime he did not commit, … to avoid going to jail." AR 288. But an immigration judge

2

denied that motion, finding that he had not shown good cause. And the judge declined to reconsider.

At the merits hearing on his case, Krasnoshekov again sought a continuance, but without success. Instead, the judge denied cancellation of removal and ordered Krasnoshekov removed to Georgia. The judge reasoned that his conviction made him ineligible for cancellation and that his daughter would not face unusual hardship. The Board of Immigration Appeals affirmed. Krasnoshekov now petitions for review.

Because the Board not only analyzed the issues itself but also "adopted and affirmed the [judge's] decisions and orders …, we review both [of their] decisions and orders." *Ordonez-Tevalan v. Att'y Gen.*, 837 F.3d 331, 340–41 (3d Cir. 2016). But we look to the judge's opinion "only where the [Board] has substantially relied on" it. *Camara v. Att'y Gen.*, 580 F.3d 196, 201 (3d Cir. 2009).

## II. KRASNOSHEKOV IS INELIGIBLE FOR CANCELLATION OF REMOVAL

Krasnoshekov argues that he is eligible to have his removal cancelled. But because he failed to appeal some of the immigration judge's rulings to the Board, we may not reconsider them now. And those rulings make him ineligible for cancellation.

To qualify for cancellation, Krasnoshekov must show that:

- he has been in the United States for the last ten years;

- he "has been a person of good moral character during [that] period";

- he has not been convicted of a "crime involving moral turpitude"; and

- his removal "would result in exceptional and extremely unusual hardship to [his] … child, who is a citizen of the United States."

3

8 U.S.C. §§ 1229b(b)(2)(ii), 1182(a)(2)(A)(i).

The immigration judge found that Krasnoshekov could not meet the last three requirements. Though he appealed some of the judge's rulings, he did not dispute that he had a disqualifying conviction. That omission was fatal. The Board affirmed, reasoning that he had not "dispute[d] that he was convicted" or "den[ied] that [his] conviction operates as a bar to cancellation of removal." AR 3.

Instead, Krasnoshekov argued that his conviction was "erroneous[ ]" and explained that he had moved to vacate it. AR 5–6. But that argument does not go to whether he *has* a conviction for a crime involving moral turpitude. A pending "collateral attack" on his conviction does not "negate[ ] [its] finality … for immigration removal purposes." *Paredes v. Att'y Gen.*, 528 F.3d 196, 198–99 (3d Cir. 2008). So the Board could not have relied on that argument to reverse the judge's decision.

Neither can we. And because Krasnoshekov did not appeal the judge's ruling, we lack jurisdiction to consider his arguments now. We may "review [the] final order of removal only if" Krasnoshekov "exhausted all administrative remedies available to [him]." 8 U.S.C. § 1252(d). Thus, he must have "raise[d] … each claim or ground for relief" before the Board. *Abdulrahman v. Ashcroft*, 330 F.3d 587, 594–95 (3d Cir. 2003). Krasnoshekov did not, so he cannot show that he is eligible for cancellation of removal.

### III. THE BOARD CORRECTLY DENIED KRASNOSHEKOV A CONTINUANCE

Krasnoshekov also argues that the Board should have continued his case to give him more time to collaterally attack his conviction in state court. We review the Board's denial of a continuance for abuse of discretion. *Khan v. Att'y Gen.*, 448 F.3d 226, 233 (3d Cir.

4

2006). Because that decision was not "arbitrary, irrational or contrary to law," we will affirm. *Id.*

An "immigration judge may grant a motion for continuance for good cause." 8 C.F.R. § 1003.29. When an alien seeks a continuance to collaterally attack his conviction, two factors are central to gauging good cause. The immigration judge must focus on (1) whether the collateral attack is likely to succeed and (2) whether any relief that results from that attack will materially influence the removal proceeding's outcome. *Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 413 (A.G. 2018).

The immigration judge found that both factors cut against Krasnoshekov. His chance of winning the collateral attack on his conviction was "very speculative." AR 51. True, Krasnoshekov says he pleaded guilty only because his wife fabricated evidence against him. If proven, that could be enough to overturn his conviction. But he offers no proof apart from his own say-so.

Even if his collateral attack succeeded, Krasnoshekov would still lose because he cannot show that his removal would cause his daughter exceptional hardship. That hardship ruling independently bars cancellation of removal and is a "quintessential discretionary judgment" that we lack jurisdiction to review. *Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 179 (3d Cir. 2003). So waiting on the collateral attack would do Krasnoshekov no good.

\* \* \* \* \*

Because Krasnoshekov chose not to challenge the immigration judge's finding that he had a conviction for aggravated assault, we cannot find him eligible for cancellation of

5

removal. Plus, the judge appropriately denied him a continuance. So we will deny his petition for review.