**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3756
_____

TOMASZ MARIUSZ DZIWAK,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A047-834-237)
Immigration Judge:  Honorable Amiena Khan

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2013
Before:  SCIRICA, VANASKIE and COWEN, <u>Circuit Judges</u>

(Opinion filed:  January 29, 2013)
_____

OPINION
_____

PER CURIAM

Tomasz Mariusz Dziwak petitions for review of a final order of removal.  For the

following reasons, we will deny the petition for review.

Dziwak, a native and citizen of Poland, was admitted to the United States as a

lawful permanent resident in 2001.  He pleaded guilty in 2005 to sexual assault in the

second degree and endangering the welfare of a child in the third degree, in violation of

N.J. Stat. Ann. §§ 2C:14-2c(4), 2C:24-4a.  The charges resulted from Dziwak, who was

twenty years old at the time, having sexual relations with a fifteen-year-old girl at a party.

He was sentenced to serve 364 days in a county jail on the weekends and to three years of

probation, and he was required to register as a sex offender.  Dziwak applied for post-

conviction relief ("PCR") based on Padilla v. Kentucky, 130 S. Ct. 1473 (2010), arguing

that his counsel did not adequately inform him of the immigration consequences of

pleading guilty.  His PCR petition was denied in May 2011.

Meanwhile, immigration proceedings began, and Dziwak was charged as

removable for having been convicted of a crime involving moral turpitude and an

aggravated felony.  See 8 U.S.C. §§ 1227(a)(2)(A)(i), 1227(a)(2)(A)(iii).  He conceded

being removable as charged, but sought withholding of removal pursuant to 8 U.S.C.

§ 1231(b)(3).[1]  The Immigration Judge ("IJ") granted several continuances to allow

Dziwak to pursue post-conviction relief in state court, which resulted in the proceedings

being postponed from April 9, 2010 through May 25, 2011.  At the May 26, 2011

hearing, Dziwak informed the IJ that his PCR petition had been denied and requested a

continuance while he pursued an appeal.  The IJ denied the request and the hearing went

forward.

---

[1] Dziwak withdrew his requests for asylum and protection under the Convention Against
Torture.  He was deemed to be ineligible for cancellation of removal due to his
aggravated felony conviction.

Dziwak testified that he feared returning to Poland because he believed the victim had extended family there who would harm him. This fear was apparently linked to a single threat made by the victim's brother about five years before the immigration hearing to the effect that he would beat Dziwak if he ever saw him near his sister. Dziwak also testified that he feared returning to Poland because he would have nowhere to go and no job. The IJ found Dziwak credible, but denied withholding of removal, determining that his testimony failed to show that it was more likely than not that his life or freedom would be threatened in Poland.

The Board of Immigration Appeals ("BIA") dismissed Dziwak's appeal, concluding that the denial of the request for a continuance was not an abuse of discretion. Dziwak's speculation that his PCR appeal would be successful was insufficient to establish good cause for further delay. The BIA further concluded that Dziwak had not shown prejudice from the denial because there was no indication that he had prevailed in having his criminal convictions vacated. Regarding the denial of withholding of removal, the BIA determined that Dziwak had failed to show that his life or freedom would be threatened on account of a protected ground, nor had he shown that the Polish government would be unable or unwilling to protect him from the individuals he feared.

We have jurisdiction pursuant to 8 U.S.C. § 1252. Although we generally lack jurisdiction to review a final order of removal against an alien who is removable for having committed an aggravated felony, see 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to review constitutional claims and questions of law. See 8 U.S.C.

3

§ 1252(a)(2)(D). Dziwak argues that the IJ's denial of his request for a continuance to pursue an appeal of his PCR petition violated his right to due process. We construe Dziwak's argument, cursory as it is, as making a constitutional claim, despite the Government's argument to the contrary. See Hoxha v. Holder, 559 F.3d 157, 163 n.5 (3d Cir. 2009) (noting that a claim of error regarding the denial of a continuance may be construed as a due process claim).[2]

Nevertheless, we perceive no error in the BIA's decision to affirm the denial of a continuance because Dziwak has not shown that he was prejudiced by it. "'[D]ue process challenges to deportation proceedings require an initial showing of substantial prejudice.'" Khan v. Att'y Gen., 448 F.3d 226, 236 (3d Cir. 2006) (quoting Anwar v. INS, 116 F.3d 140, 144 (5th Cir. 1997)). Dziwak's argument is premised on the belief that his PCR appeal will be successful. But when the IJ denied a continuance, Dziwak's PCR petition had been denied on the merits,[3] and the likelihood of success of his appeal was speculative. Moreover, the pendency of a post-conviction motion does not negate the finality of a conviction for immigration purposes. Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008). Most critical to the analysis regarding prejudice, Dziwak has not indicated that his PCR appeal was successful and that his conviction was overturned,

---

[2] In addition, we note that the BIA treated it as a due process claim. Joint Appendix ("J.A.") at 4.

[3] The PCR court rejected Dziwak's ineffective assistance of counsel claim in part due to the fact that he had been informed by the court during his plea colloquy that he ran the risk of being deported as a consequence of the conviction. J.A. at 141.

a result which seems unlikely given that the Supreme Court of New Jersey has decided that Padilla does not apply retroactively. See State v. Gaitan, 37 A.3d 1089, 1107 (N.J. 2012).

Dziwak also argues that the BIA erred in affirming the IJ's decision that he was not entitled to withholding of removal. To be entitled to withholding of removal, an alien must show that it is more likely than not that his "life or freedom would be threatened . . . because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); Li v. Att'y Gen., 633 F.3d 136, 140-41 (3d Cir. 2011). Here, Dziwak contends that he established that it is more likely than not that his life or freedom will be threatened if he returns to Poland with evidence of the threat from the victim's brother and a State Department report indicating that there is police misconduct and a high unemployment rate in Poland. The Government contends that we lack jurisdiction to review this claim because Dziwak's arguments "address only the question of what is likely to happen" if he returns to Poland. Resp't's. Br. at 20. We agree.

The IJ found Dziwak credible, but determined that "the conjecture stated by [Dziwak] and a series of suppositions strung together as to what may occur if [he] is returned to Poland is not sufficient to meet . . . the more stringent more likely than not standard." J.A. at 16. Thus, the IJ concluded that Dziwak failed to establish that what he feared was more likely than not to happen, which is the factual part of the mixed question of whether there is a likelihood of a threat to life or freedom. Cf. Kaplun v.

5

Att'y Gen., 602 F.3d 260, 271 (3d Cir. 2010) (holding that, in likelihood of torture inquiries, what is likely to happen is the factual aspect, and whether that amounts to torture is the legal aspect). Although Dziwak's brief conflates the two parts of the inquiry, it is clear from the context of this case that his arguments regarding the evidence must go directly to the factual question of what is more likely than not to happen – and not whether what he fears amounts to a threat to his life or freedom – because Dziwak never cleared the factual hurdle in the immigration proceedings. As noted above, our review in this case is limited by statute to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D). Because Dziwak's second argument challenges the IJ's factual finding, we lack jurisdiction to consider it.[4]

For these reasons, we will deny the petition for review.

---

[4] We note that even if we did have jurisdiction to consider the argument, Dziwak has done nothing more than briefly list evidence the IJ already considered. Furthermore, the question of whether Dziwak established that it is more likely than not that his life or freedom will be threatened is not determinative at this point because he has not challenged the BIA's determination that he failed to meet other criteria for withholding of removal. See J.A. at 5. He has not shown that any threat to him would be on account of an enumerated ground, 8 U.S.C. § 1231(b)(3)(A), or that the Polish government would be unable or unwilling to protect him from the victim's family. Cf. Kibinda v. Att'y Gen., 477 F.3d 113, 119 (3d Cir. 2007) (noting that one of the criteria for asylum is a showing that the persecution is committed by the government or by forces the government is unable or unwilling to control).