**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1871
_____

MATTHEW KOSHY CHACKO,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A090-590-908)
Immigration Judge:  Honorable Margaret R. Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 27, 2013

Before:  SCIRICA, VANASKIE and COWEN, Circuit Judges

(Opinion filed: April 11, 2013)
_____

OPINION
_____

PER CURIAM

        Matthew Koshy Chacko petitions for review of a decision of the Board of

Immigration Appeals.  For the reasons below, we will deny the petition for review.

Chacko entered the United States in 1981 as a visitor and became a permanent resident in 1989. In 2007, he was convicted of attempted criminal possession of a forged instrument in New York and was sentenced to one and one-half to three years in prison. In September 2010, he was charged as removable as an aggravated felon. Represented by counsel, he did not file any applications for relief from removal. In June 2011, Chacko filed a post-conviction petition in the state court in New York. He argued that he had not been advised of the immigration consequences of his guilty plea. In October 2011, the IJ found Chacko removable, denied his request for a continuance, and ordered Chacko removed to India. In March 2012, the BIA dismissed his pro se appeal, and Chacko filed a pro se petition for review. After Chacko filed a pro se opening brief, counsel made an appearance and filed a reply brief. The Government has filed a motion to dismiss.

Chacko does not dispute that his conviction is an aggravated felony. Instead, he seeks to challenge the validity of his conviction. However, his conviction is final for immigration purposes until it is overturned. Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008). Because Chacko is an aggravated felon, we lack jurisdiction to review the denial of his claims for relief except to the extent he raises legal and constitutional claims. See 8 U.S.C. §§ 1252(a)(2)(C)&(D).

Chacko argues that he was denied due process when the IJ denied his motion for a continuance. Before the BIA, Chacko argued that by denying a continuance, the IJ denied his due process rights to prepare for his removal hearing and acquire evidence of post-conviction relief to challenge his removability. We exercise de novo review of

2

procedural due process claims. Chacko was entitled to a full and fair hearing of his claim and a reasonable opportunity to present evidence. Singh v. Gonzales, 432 F.3d 533, 541 (3d Cir. 2006). The IJ concluded that Chacko had not shown good cause for a continuance. At the hearing in October 2011, the IJ noted that Chacko had been before the IJ since June 2011 and time had been granted for him for find an attorney and obtain his conviction records. Time was then granted for Chacko to object to his conviction records and to decide whether he wanted to file for relief from removal. The IJ concluded that post-conviction relief was both collateral and speculative. On appeal, the BIA agreed. The IJ's denial of Chacko's request for a continuance did not deny him due process. Chacko has not shown that he was denied a fair hearing or a reasonable opportunity to present evidence.[1]

Chacko also contends that he was denied his due process rights because he was denied visits by his immigration attorney while he was before the IJ, denied access to the law library while in jail, and put in solitary confinement at the time his brief to the BIA was due. His attorneys did not raise any issues related to their ability to meet with Chacko before the IJ. As for his claim that he was denied access to the law library and put in solitary confinement, we note that the BIA granted Chacko an extension of time to

---

[1] Chacko also argues that the transcript for a hearing on July 14, 2011, is missing from the record. However, he does not describe what took place at that hearing such that the absence of the transcript prevented him from having a fair hearing. In his brief before the BIA, he stated that on July 14, 2011, the Government submitted additional documents and the IJ continued the hearing to allow Chacko's attorneys to review the documents. A.R. at 12.

file his brief based on these allegations.[2]  After his second request for an extension was denied, Chacko did not raise these issues in his brief before the BIA.  A.R. at 10-16; Pet. for review at 6.  Because these arguments were not presented to the BIA, they are unexhausted.  We lack jurisdiction to review unexhausted arguments.  Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003); 8 U.S.C. § 1252(d)(1).

In his counseled reply brief, Chacko argues that the Supreme Court's decision in Padilla v. Kentucky, 559 U.S. 356 (2010), makes post-conviction motions ancillary to removal proceedings and not collateral.  He argues that the BIA's policies and procedures for evaluating continuances for ancillary proceedings, such as pending visa petitions and adjustment of status applications, should apply to continuances for post-conviction collateral relief.  These arguments were also not presented to the BIA.  As discussed above, we lack jurisdiction to review unexhausted arguments.

For the above reasons, we will deny the petition for review.  The Government's motion to dismiss is denied.  The Government's motion to supplement the record is denied.

---

[2]  The BIA noted that it generally does not grant more than one extension and Chacko should assume he would not receive another extension.  A.R. at 61.  The BIA denied his subsequent request for another extension of time because he had not shown extraordinary circumstances.  A.R. at 54.