**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1318
_____

CESAR XAVIER BARROS-SUAREZ,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A041-664-426)
Immigration Judge:  Honorable Andrew Arthur

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2013

Before: RENDELL, FISHER and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 2, 2013)
_____

OPINION
_____

PER CURIAM

    Cesar Xavier Barros-Suarez seeks review of a final order of the Board of

Immigration Appeals ("BIA" or "Board").  We will deny the petition for review.

Barros-Suarez is a citizen of Ecuador. In 1998, he was admitted into the United States as a lawful permanent resident. In 2000, a Pennsylvania jury found him guilty of third-degree murder, 18 Pa. Cons. Stat. Ann. § 2502(c), and carrying a firearm without a license, 18 Pa. Cons. Stat. Ann. § 6106(a). He was sentenced to a prison term of between 20 and 40 years on the murder conviction, and a consecutive prison term of between one and five years on the firearm conviction. Barros-Suarez's direct appeals failed, as have his subsequent attempts to obtain collateral relief in both state and federal court.

Following his convictions, the Government initiated removal proceedings against Barros-Suarez. The Immigration Judge ("IJ") found him removable on two independent grounds: (1) under INA § 237(a)(2)(C), based on his conviction for carrying a firearm without a license; and (2) under INA § 237(a)(2)(A)(iii), based on his conviction for third-degree murder, which the IJ concluded constituted the aggravated felony of "murder" within the meaning of INA § 101(a)(43)(A). On appeal, Barros-Suarez only disputed the IJ's conclusion that his third-degree murder conviction constituted a "murder" conviction within the meaning of INA § 101(a)(43)(A). He contended that removability based on § 101(a)(43)(A) requires a conviction for an intentional murder.[1]

The BIA dismissed the appeal, explaining that it was unnecessary to reach the merits of Barros-Suarez's argument because he did not challenge the IJ's separate finding

---

[1] He also argued that he was not removable on the basis of having been convicted of a "crime of violence" under INA § 101(a)(43)(F). The BIA did not address that argument because although the Government had filed Additional Charges of Inadmissibility/ Deportability (Form I-261) charging Barros-Suarez as removable based on the "crime of violence" provision in INA § 101(a)(43)(F), the IJ's decision did not address that charge.

that he was also removable under INA § 237(a)(2)(C), based on his firearm conviction, and did "not assert that he is eligible for any form of relief." The BIA noted that if it were to reach Barros-Suarez's argument, however, it would affirm the IJ's conclusion that he was also removable under INA §§ 237(a)(2)(A)(iii) and 101(a)(43)(A).

Barros-Suarez filed a pro se petition for review in this Court, renewing his argument that his third-degree murder conviction is not a conviction for "murder" within the meaning of INA § 101(a)(43)(A) because it lacks an intent element, and therefore the IJ erred by finding him removable under INA § 237(a)(2)(A)(iii). His brief further argues that he is not removable under INA § 101(a)(43)(F), because he was not convicted of a "crime of violence," and also advances arguments collaterally attacking his convictions. Once again, he does not dispute removability under INA § 237(a)(2)(C), based on his conviction for carrying a firearm without a license. He also filed a motion for a stay of removal accompanying his petition, which we denied on March 26, 2013.

We have jurisdiction to review the BIA's final order under 8 U.S.C. § 1252(a)(1). Our jurisdiction is limited to reviewing "constitutional claims and questions of law." See INA § 242(a)(2)(D); Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005). Here, the question of law presented by Barros-Suarez's petition is that his state conviction for third-degree murder is not a basis for removal under INA §§ 101(a)(43)(A) and 237(a)(2)(A)(iii) because that crime lacks the necessary element of intent for "murder." [2]

---

[2] The Government has filed a motion to dismiss the petition for lack of jurisdiction on the ground that Barros-Suarez failed to exhaust his administrative remedies with respect to challenging his removability under INA § 237(a)(2)(C), and therefore this Court lacks

3

We agree with the BIA that Barros-Suarez cannot obtain any relief based on this claim because even if we agreed with his argument,[3] he has never challenged his removability on the separate basis of INA § 237(a)(2)(C). We decline to consider Barros-Suarez's argument relating to his removability under INA § 101(a)(43)(F), because that ground was not addressed by the BIA. See Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003). We also do not consider Barros-Suarez's arguments which appear to collaterally attack his convictions because they are irrelevant for purposes of these proceedings. See Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008).

Accordingly, the petition for review will be denied.

---

jurisdiction to consider any ground upon which he may be afforded relief. We will deny this motion because the petition for review presents a question of law with respect to the IJ's determination that Barros-Suarez is also removable under 237(a)(2)(A)(iii). The record reflects that Barros-Suarez has properly exhausted a challenge to that finding.

[3] In his reply brief, Barros-Suarez argues that we should decide whether his Pennsylvania conviction for third-degree murder is an aggravated felony under INA § 101(a)(43)(A), because his eligibility for cancellation of removal depends upon resolution of the issue. We decline to decide the issue, as he did not apply for cancellation of removal before the IJ. See INA § 240A(a)(3). We note, however, that a recent BIA decision holds that the term "murder" in § 101(a)(43)(A) includes more than intentional murder. See In re M-W-, 25 I. & N. Dec. 748, 759 (BIA 2012).