**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2485
_____

PEDRO DEJESUS GUILLEN- RAMIREZ,
                           Petitioner

v.

ATTORNEY GENERAL UNITED
OF THE STATES OF AMERICA,
                           Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-763-747)
Immigration Judge:  Honorable Kuyomars Q. Golparvar

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 9, 2018
Before:  SHWARTZ, KRAUSE and FISHER, Circuit Judges

(Opinion filed: March 15, 2018)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pedro Guillen-Ramirez, proceeding pro se, petitions for review of an order of the Board of Immigration Appeals (BIA) denying his applications for withholding of removal and protection under the Convention Against Torture (CAT). We will deny the petition.

I.

Guillen is a citizen of El Salvador who entered the United States in 2001 as a visitor and overstayed his visa. In March 2004, he was convicted in Virginia of Taking Indecent Liberties with Children, Va. Code Ann. § 18.2-370 (2004), and sentenced to five years' imprisonment. As a result of this conviction, the Department of Homeland Security (DHS) charged him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony. Guillen was removed to El Salvador on August 26, 2005. He subsequently re-entered the United States unlawfully.

In January 2015, DHS apprehended Guillen and reinstated his prior order of removal. An asylum officer conducted a reasonable-fear interview and, finding that Guillen did possess a reasonable fear of returning to El Salvador, transmitted the case to an Immigration Judge (IJ) for withholding-only proceedings pursuant to 8 C.F.R. § 208.31(e).

Guillen, through counsel, applied for withholding of removal and deferral of removal under the CAT. He claimed that he fled El Salvador in response to threatening encounters with political opponents and gang members. At his hearing before an IJ, Guillen explained that he had been working for the ARENA political party and had been

2

threatened and/or assaulted by members of the opposition FMLN party four times. First, in 2012, a friend in the FMLN party had solicited his help in an election fraud scheme, and, when Guillen refused to help, the police began to ticket him. The next incident occurred when, approximately one month later, four men in a black police truck accused him of working with the ARENA party and assaulted him. After the assault, police advised Guillen that they could not identify the assailant because the truck had been stolen. Four weeks later, Guillen was abducted at gunpoint, taken to a remote sugarcane field, and thrown into a river. The assailants—one of whom bore an MS-13 gang tattoo—again accused him of working with the ARENA party. The fourth incident took place about one month later, when three men—at least one of whom was an MS-13 gang member—accosted him near his home and assaulted him. At that time, police advised Guillen to flee the area so that the gang would think he had been killed.

Following the hearing, the IJ denied relief. First, the IJ determined that Guillen was statutorily ineligible for withholding of removal under 8 U.S.C. § 1231(b)(3)(B)(ii) because his 2004 Virginia conviction constituted a "particularly serious crime." Second, with respect to Guillen's CAT claim, the IJ found that Guillen's testimony was essentially credible, but concluded that he failed to meet his burden of proof because: (1) Guillen's detention, threats, and assaults by unidentified men were not severe enough to rise to the level of "torture" within the meaning of the CAT; and (2) he failed to show that the Salvadoran government had acquiesced in his mistreatment. The IJ further concluded that Guillen was not likely to face torture upon his return to El Salvador

3

because: the political climate had changed since 2012; the record did not contain any indication that members of MS-13 or the FMLN party were looking for him; the Salvadoran government has taken steps to combat corruption and gang violence; and Guillen's family has safely relocated to another town in El Salvador.

Upon review, the BIA found no clear error in the IJ's fact-finding and agreed with the IJ's legal conclusions. Therefore, the BIA dismissed the appeal.

Guillen, now proceeding pro se, timely filed a petition for review.[1]

II.

We have jurisdiction to review final orders of removal under 8 U.S.C. § 1252(a)(1). In this case, however, because the agency found Guillen removable based on his conviction for an aggravated felony, our jurisdiction is limited to reviewing constitutional claims and questions of law. See § 1252(a)(2)(C)-(D); Borrome v. Att'y Gen., 687 F.3d 150, 154 (3d Cir. 2012). Questions of law include "issues of application of law to fact, where the facts are undisputed and not the subject of challenge." Kamara v. Att'y Gen., 420 F.3d 202, 211 (3d Cir. 2005) (quotation marks omitted). We review such claims and questions de novo. See Mudric v. Att'y Gen., 469 F.3d 94, 97 (3d Cir. 2006).

III.

---

[1] On August 30, 2017, this Court denied Guillen's request for a stay of removal.

A.    Guillen's Challenge to the Validity of his Criminal Conviction

On appeal, Guillen first argues that his criminal conviction should be vacated because the attorney in his criminal case failed to advise him of the immigration-related consequences of his guilty plea, in violation of Padilla v. Kentucky, 130 S. Ct. 1473 (2010).  When Guillen raised this argument in his administrative appeal, the Board deemed it waived on the ground that Guillen had failed to present it to the IJ.  Guillen now suggests, however, that he urged his immigration attorney to raise it during his merits hearing.

Leaving aside the question of waiver, Guillen may not challenge the validity of his criminal conviction in his immigration proceedings.  Guillen's conviction is final for purposes of removal unless and until it is overturned.  See Paredes v. Att'y Gen., 528 F.3d 196, 198–99 (3d Cir. 2008).

B.    Withholding of Removal

Guillen next contends that the agency erred in denying his application for withholding of removal because, he asserts, the evidence demonstrates that he suffered past persecution in El Salvador.  As previously noted, however, the IJ determined, and the BIA agreed, that Guillen was statutorily barred from withholding of removal because his criminal conviction was for a "particularly serious crime."[2]  See 8 U.S.C. § 1231(b)(3)(B)(ii) (stating that an alien who is convicted of a particularly serious crime is

---

[2] Guillen does not challenge the agency's determination that his criminal conviction rendered him ineligible for withholding of removal.

5

ineligible for withholding of removal). Therefore, Guillen's argument that he met his evidentiary burden is misplaced.

C.     Deferral of Removal Under the CAT

Guillen also challenges the agency's adjudication of his CAT claim. To prevail on this claim, Guillen was required to establish that it is "more likely than not" that he would be tortured if removed to El Salvador. 8 C.F.R. § 1208.16(c)(2). To establish "torture" under the CAT, he was required to show that his "severe pain or suffering" would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." § 1208.18(a)(1); see also Silva-Rengifo v. Att'y Gen., 473 F.3d 58, 64 (3d Cir. 2007).

Guillen first objects to the agency's determination that he failed to demonstrate that the Salvadoran government would acquiesce in the torturous acts of his political opponents and gang members. "To establish acquiescence, an applicant must demonstrate that, prior to the activity constituting torture, a public official was aware of it and thereafter breached the legal responsibility to intervene and prevent it." Myrie v. Att'y Gen., 855 F.3d 509, 516 (3d Cir. 2017) (citing 8 C.F.R. § 1208.18(a)(7)). The applicant can meet this standard even if the government does not have actual knowledge of the activity if he "produc[es] sufficient evidence that the government . . . is willfully blind to such activities." Silva–Rengifo, 473 F.3d at 65.

Here, Guillen contends that his credible testimony sufficiently demonstrated that the police were responsible for, or turned a blind eye to, the violence he suffered. Guillen

6

further argues that the country conditions evidence shows that the government fails to combat gang violence and that officials would likely single him out based on his membership in the ARENA party. These arguments, however, essentially amount to disagreement with the agency's factual determinations. Therefore, they are unreviewable. See Myrie, 855 F.3d at 516; Pieschacon–Villegas v. Att'y Gen. of U.S., 671 F.3d 303, 309–10 (3d Cir. 2011). To the extent that Guillen also challenges the agency's conclusion that the record facts do not meet the legal standard, we see no error. As the BIA explained, Guillen failed to demonstrate that he is more likely than not to suffer torture with the acquiescence of a public person given his testimony that the Salvadoran police responded to his calls and took reports after he was assaulted by unidentified gang members, and the country conditions evidence shows that the Salvadoran government has worked to combat gang-related violence.

Guillen next contends that the BIA erred in failing to discuss the IJ's credibility finding. Contrary to Guillen's contention, however, the BIA in fact noted that the IJ found Guillen's testimony credible, and did not determine that this finding was clearly erroneous. Guillen fails to direct us to any authority indicating that the BIA is required to specifically address the IJ's credibility finding, especially when that finding is in favor of the alien.

Guillen also objects to the IJ's finding that he failed to sufficiently corroborate two of his attacks with police reports. But the IJ did not deny Guillen's CAT claim on this basis; instead, the IJ concluded that, even if Guillen had submitted all three police

7

reports, he still would not have met his burden under the CAT.[3] Furthermore, the BIA did not take the IJ's failure-to-corroborate determination into account in concluding that the IJ properly denied relief.

Lastly, Guillen devotes a portion of his brief to arguing that he met his burden of demonstrating that he would likely suffer persecution on account of his political opinion if forced to return to El Salvador. Such would be his burden to establish a claim for asylum or withholding of removal; to establish entitlement to relief under the CAT, however, he was not required to show that he suffered mistreatment rising to the level of persecution on account of any protected status. See Amanfi v. Ashcroft, 328 F.3d 719, 725 (3d Cir. 2003).

IV.

We have reviewed Guillen's remaining arguments and conclude that they are without merit. Accordingly, we will deny the petition for review.[4]

---

[3] Moreover, we lack jurisdiction to review any challenges to the factual aspect of this determination. See Malu v. Att'y Gen., 764 F.3d 1282, 1290 (11th Cir. 2014).

[4] The government's motion to withdraw its previously filed motion to dismiss is granted.