**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1662
_____

ELMAN JOAQUIN MARROQUIN,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A208-934-654)
Immigration Judge: Leo A. Finston
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 7, 2018
Before: MCKEE, COWEN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 29, 2019)
_____

OPINION*
_____

PER CURIAM

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Elman Joaquin Marroquin petitions for review of an order of the Board of Immigration Appeals ("BIA"), which dismissed his appeal from an Immigration Judge's ("IJ") removal order. We will deny the petition for review.

Marroquin, a native and citizen of Guatemala, was charged as removable for being present in the United States without having been admitted or paroled. He conceded the allegations against him and sought cancellation of removal under 8 U.S.C. § 1229b(b). The IJ ordered Marroquin removed. The IJ concluded that Marroquin was ineligible for cancellation because he could not show good moral character under the statute after having been in jail for 180 days as a result of a conviction. On appeal, the BIA agreed with the IJ and dismissed the appeal. Marroquin filed a timely petition for review.[1]

Under 8 U.S.C. § 1252(a)(2)(B)(i), we lack jurisdiction to review "any judgment regarding the granting of relief under section . . . 1229b." However, that provision applies only to discretionary aspects of the denial of cancellation of removal. See Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 178 (3d Cir. 2003) ("We join the other circuits and conclude that, for nondiscretionary factors, the Court maintains jurisdiction, but as to discretionary decisions we lack jurisdiction."). Thus, we would have jurisdiction to consider some aspects of the BIA's decision here, such as whether Marroquin met the statutory requirements to be potentially eligible for cancellation of removal.[2]

_____

[1] We granted his motion for a stay of removal.

[2] To be eligible for cancellation of removal, Marroquin had to establish that he met four requirements: continuous physical presence in the United States of not less than 10

2

However, in his opening brief, Marroquin does not challenge the BIA's decision in any way. Instead, he simply notes that he is "waiting on the Judges [sic] decision" in a post-conviction proceeding that he apparently filed in New Jersey earlier this year. But the pendency of a collateral challenge to a conviction does not affect the finality of the conviction for immigration purposes. See Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008).

Because Marroquin has failed to raise any other issues in his opening brief, he has waived those issues on petition for review. See Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004). Marroquin's pro se reply brief, without making any argument on the issue, asks us to consider whether his time in pretrial detention counts as time confined "as a result of a conviction," for purposes of 8 U.S.C. § 1101(f)(7).[3] But raising an issue for the first time in a reply brief does not suffice to bring it before us for review. See Gambino v. Morris, 134 F.3d 156, 161 n.10 (3d Cir. 1998).

For the foregoing, we will deny the petition for review.

---

years; good moral character; an absence of certain disqualifying criminal convictions; and exceptional and extremely unusual hardship to a qualifying relative who is a United States citizen or lawful permanent resident as a result of his removal. See 8 U.S.C. § 1229b(b)(1); see also Pareja v. Att'y Gen., 615 F.3d 180, 185 (3d Cir. 2010) (explaining that someone who has conceded removability and seeks cancellation of removal has the burden of showing eligibility for cancellation).

[3] Notably, in our order granting Marroquin's stay motion, we explicitly ordered the parties to address this issue in their briefs. Marroquin failed to do so.