DLD-045 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 19-1096 & 19-2691
_____

ANTONIO MELQUEZIDETH CASTRO,
a/k/a Jose Castro Serrano,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petitions for Review of Orders of the
Board of Immigration Appeals
(Agency No. A203-048-602)
Immigration Judge: Leo A. Finston

_____

Submitted on Respondent's Motions for Summary Disposition
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 14, 2019
Before: RESTREPO, PORTER and NYGAARD, Circuit Judges

(Opinion filed: December 13, 2019)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In these consolidated petitions for review, Antonio Melquezideth Castro seeks review of two orders of the Board of Immigration Appeals (BIA). The Government filed motions for summary disposition asking us to deny the petitions. Because the petitions present no substantial question for review, we will grant the Government's motions and will deny the petitions for review.

Castro, a citizen of Belize, entered the United States as a nonimmigrant visitor in November 2000. On June 17, 2002, he pleaded guilty in New Jersey state court to endangering the welfare of a child. See N.J. Stat. Ann. § 2C:24-4A. Based on that conviction, the Government issued a notice to appear in September 2017, charging Castro with removability as an alien convicted of a crime involving moral turpitude, 8 U.S.C. § 1227(a)(2)(A)(i), and a crime of child abuse, 8 U.S.C. § 1227(a)(2)(E)(i). Castro filed an application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture, claiming that he will be persecuted and tortured in Belize based on his membership in a particular social group of convicted sex offenders. He also sought a continuance to "better prepare" in response to the issuance of In re A-B-, 27 I. & N. Dec. 316 (A.G. 2018). Furthermore, Castro filed a motion to terminate the proceedings on the ground that the Notice to Appear was defective because it did not contain the date and time of his initial removal hearing, see Pereira v. Sessions, 138 S. Ct. 2105 (2018).

An Immigration Judge denied all relief and Castro appealed. The Board affirmed the IJ's denial of a continuance, noting that after the issuance of In re A-B- on June 11, 2018, Castro had nearly one month to prepare for his final hearing on July 9, 2018. In

2

addition, the Board concluded that Castro had failed to demonstrate that he was prejudiced by the denial of the continuance request. With respect to Castro's Pereira argument, the Board held that, although Castro's notice to appear did not specify the time and place of his initial removal hearing, the IJ had jurisdiction because a notice of hearing including that information was later sent to Castro. In re Bermudez-Cota, 27 I. &. N. Dec. 441 (BIA 2018). The Board further concluded that Castro had not established eligibility for asylum because his "fear of future persecution is not objectively reasonable." In particular, the BIA stated that "[o]verall, [Castro's] belief that, upon his removal to Belize, someone will learn of his past criminal history in the United States and, in turn, harm him in a manner rising to the level of persecution is too speculative and insufficiently corroborated to establish a well-founded fear of future persecution." Because Castro failed to satisfy the burden of proof required for asylum, the Board held that he also necessarily failed to satisfy the clear probability standard for withholding of removal. Finally, the Board held that Castro's fear of harassment was "too speculative" to demonstrate that he would more likely than not be subjected to torture if returned to Belize. Castro filed a petition for review, which was docketed here at C.A. No. 19-1096.

Meanwhile, Castro filed with the Board a motion to reopen and to terminate the removal proceedings, arguing that he had a pending post-conviction petition in state court that could potentially vacate this child endangerment conviction. The Board denied the motion to reopen, noting that the pendency of a post-conviction petition does not negate the finality of a conviction for immigration purposes. Castro filed another petition for review, which was docketed here at C.A. No. 19-2691. The petitions for review have

3

been consolidated. In both cases, the Government has filed a motion for summary disposition.

We have jurisdiction under 8 U.S.C. § 1252(a) to review the Board's final order of removal and its denial of Castro's motion to reopen. We review the agency's legal conclusions under a de novo standard, but must uphold the agency's factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see also Mendoza-Ordonez v. Att'y Gen., 869 F.3d 164, 169 (3d Cir. 2017). Where the BIA has affirmed the IJ's denial of a continuance request, we apply an abuse of discretion standard. See Ponce-Leiva v. Ashcroft, 331 F.3d 369, 377 (3d Cir. 2003). An abuse of discretion standard also applies to the BIA's denial of a motion to reopen. See Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). That decision is entitled to "broad deference," Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003), and "will not be disturbed unless [it is] found to be arbitrary, irrational, or contrary to law," Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (quoting Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994)).

The BIA did not abuse its discretion in denying Castro's motion for a continuance. See 8 C.F.R. § 1003.29 (stating that an IJ may "grant a motion for continuance for good cause shown"). Castro sought a continuance so that he could "better prepare" for his merits hearing in light of a recently-issued decision, In re A-B-. But that decision was issued approximately one month before the hearing, and Castro did not indicate why that period of time was insufficient to prepare. Furthermore, although due process "requires that an alien be provided with a full and fair hearing and a reasonable opportunity to

4

present evidence," Romanishyn v. Att'y Gen., 455 F.3d 175, 185 (3d Cir. 2006), Castro did not explain how he was prejudiced, Singh v. Gonzales, 432 F.3d 533, 541 (3d Cir. 2006). Under these circumstances, we cannot say that the denial of the continuance request was arbitrary, irrational, or contrary to law.

The IJ and the BIA also properly rejected Castro's reliance on Pereira. In that case, the Supreme Court held that a notice to appear "that does not specify the 'time and place at which the proceedings will be held,' as required by [8 U.S.C.] § 1229(a)(1)(G)(i)," is not capable of triggering the stop-time rule in cancellation of removal cases. 138 S. Ct. at 2113-14. Castro argued that the immigration court lacked jurisdiction over his proceedings because the notice to appear in his case also failed to include the time and place of the initial removal hearing. Notably, though, we recently rejected an attempt to extend Pereira in this manner. See Nkomo v. Att'y Gen., 930 F.3d 129, 131-34 (3d Cir. 2019).

We further conclude that substantial evidence supports the BIA's holding that Castro is ineligible for asylum. An applicant for asylum has the burden of establishing that he is unable or unwilling to return to his home country because of persecution or a well-founded fear of persecution on account of, inter alia, membership in a particular social group. 8 U.S.C. § 1101(a)(42)(A); Abdille v. Ashcroft, 242 F.3d 477, 482 (3d Cir. 2001). "[P]ersecution connotes extreme behavior, including threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Ahmed v. Ashcroft, 341 F.3d 214, 217 (3d Cir. 2003) (quotations omitted). It "does not include all treatment that our society regards as unfair, unjust, or even unlawful

5

or unconstitutional." Id. To establish a well-founded fear of future persecution, an alien must show that his fear is subjectively genuine and objectively reasonable, see Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003), meaning that the alien "has a subjective fear of persecution that is supported by objective evidence that persecution is a reasonable possibility." Chavarria v. Gonzalez, 446 F.3d 508, 520 (3d Cir. 2006). Castro claimed that he will be persecuted because of his membership in a particular social group consisting of "convicted sex offenders being targeted in the Belizean community." In support of this claim, Castro submitted evidence that Belizean citizens have started online efforts to publicly identify convicted sex offenders, who are ostracized in that country. But Castro did not allege that he has been threatened, and he did not present evidence indicating that anyone in Belize will learn of his criminal history. Moreover, as the Board properly concluded, Castro also failed to present evidence that convicted sex offenders have been harmed in Belize, and the discrimination he fears does not rise to the level of persecution. See Ahmed, 341 F.3d at 217. We conclude that, under these circumstances, substantial evidence supports the BIA's determination that Castro failed to show that he has an objectively reasonable fear of future persecution. Because Castro failed to establish eligibility for asylum, he necessarily failed to meet the more stringent showing required to qualify for withholding of removal. Mudric v. Att'y Gen., 469 F.3d 94, 102 n.8 (3d Cir. 2006). In addition, the BIA properly denied Castro's CAT claim because the record evidence does not compel the conclusion that he is "more likely than not" to be tortured if returned to Belize. Tarrawally v. Ashcroft, 338 F.3d 180, 187 (3d Cir. 2003).

6

Finally, the Board did not abuse its discretion in denying Castro's motion to reopen. In that motion, Castro explained that he had filed a post-conviction petition in state court challenging his child endangerment conviction. If that petition were granted, Castro asserted, he would no longer be removable under § 1227(a)(2)(A)(i) or § 1227(a)(2)(E)(i). We have held, however, that the pendency of post-conviction petitions or other forms of collateral attack does not negate the finality of a conviction for immigration purposes. Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008).

For the above reasons, we grant the motions for summary disposition and will deny the petitions for review. Castro's motion for appointment of counsel, as well as his motions for a stay of removal, are denied.[1]

---

[1] The temporary administrative stays of removal issued by the Clerk on January 9, 2019, and July 22, 2019, are vacated.